[Civ. No. 18859. Second Dist., Div. One. Oct. 6, 1952.]

REXALL DRUG COMPANY (a Corporation), Appellant, v. WALTER C. PETERSON, as City Clerk, etc., et al., Respondents.

Adams, Duque, Davis & Hazeltine, Bryant R. Burton and James E. Wallace for Appellant.

Ray L. Chesebro, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, and Alan G. Campbell, Deputy City Attorney, for Respondents.

DRAPEAU, J.—Rexall Drug Company, a corporation, owns all of the stock of 10 subsidiary corporations. These subsidiary corporations engage principally in the manufacture and sale of articles commonly sold by drugstores.

Rexall administers the whole business enterprise, maintains a head office in Los Angeles, and furnishes accounting, financial, personnel, legal, executive managerial, and directive services to its subsidiaries. For these services Rexall charges each subsidiary its proportionate cost thereof. No profit is charged.

The city of Los Angeles claimed that these charges were subject to business license tax, as imposed by section 21.190 of the Municipal Code. This section reads in part as follows:

"(a) Every person engaged in any trade, calling, occupation, vocation, profession or other means of livelihood, as an independent contractor and not as an employee of another, and not specifically licensed by other provisions of this Article, shall pay a license fee in the sum of $12.00 per calendar year or fractional part thereof for the first $12,000 or less of gross receipts, and in addition thereto, the sum of $1.00 per year for each additional $1,000 or fractional part thereof, of gross receipts in excess of $12,000."

Rexall denied the claim and brought this action in declaratory relief to settle the controversy.

The trial court found for the city, and adjudged that the transactions were subject to tax and that $10,011.24 unpaid taxes were due the city.

Rexall appeals from the judgment, and contends that in furnishing the administrative services on a nonprofit basis for its wholly owned subsidiaries it was not engaged in a business subject to license tax by the city.

In support of this contention Rexall argues, (a) that a business may not be taxed unless it is conducted for profit or for livelihood, (b) that Rexall was not an independent con-

tractor, (c) that Rexall's administration of its subsidiaries was only incidental to its principal business, and (d) that in accounting between Rexall and its subsidiaries debits for intercompany bookkeeping were not gross receipts as contemplated by the ordinance.

■ While in exceptional cases, to prevent fraud or injustice, the law will look through what has been termed the corporate veil (*Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514 [203 P.2d 522]), in tax matters a corporation and its stockholders are deemed separate entities. (*Northwestern Pac. R. Co.* v. *State Board of Equalization*, 21 Cal.2d 524 [133 P.2d 400].) ■ Ownership of capital stock in one corporation by another does not itself create identity of corporate interest as between the two. (*Northwestern Pac. R. Co.* v. *State Board of Equalization, supra.*) To do otherwise would lead to endless confusion and trouble in the imposition of taxes.

■ Bearing in mind that each of Rexall's subsidiary corporations is an independent legal entity, it becomes manifest that the transactions here in question were subject to business license tax by the city.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 30, 1952.