COMMISSIONER OF REVENUE *vs.* GLOBE AUTOMATIC VENDING CO., INC. June 5, 1981. The Commissioner of Revenue (commissioner) appeals from a decision of the Appellate Tax Board (board) abating sales taxes assessed against Globe Automatic Vending Co., Inc. (Globe), for a period from April, 1969, through March, 1972. We agree with the commissioner that the findings of fact and report of the board are inadequate to permit us to make a determination whether the board's decision is correct as a matter of law.

It seems clear from the board's findings of fact — we have no transcript of the hearing — that Globe purchased the stock of a corporation, King Distributing Corporation (King), in 1965. Each company was engaged in the leasing of various types of vending machines and each operated out of the same place of business with the same officers and managers. One person owned all Globe's stock. The dispute concerns whether transfers of vending machines from Globe to King were taxable transactions under the sales tax. G. L. c. 64H, § 2.

The board regarded an auditor's report, apparently prepared by a representative of the State Tax Commission, as shedding more light on the nature of the transactions between Globe and King than the testimony at trial. That report, however, as it appears in the record, is imprecise and deficient on essential facts.

Globe purchased vending machines from a manufacturer and transferred them to King. For reasons that are unexplained, King then borrowed money from a bank, paid the manufacturer, and transferred the machines back to Globe, in what the auditor described as "just a book

transfer." "Globe then [sold] the machines to the trade including King." When a sale was made to King, the report says, the price was set arbitrarily. The auditor's report does not indicate whether the arbitrary price related to the first or second transfer to King, or to both. In any event, the auditor regarded both types of transfers to King as generating taxable sales and made assessments accordingly. The board found that when Globe purchased King it created a paper indebtedness of $57,000 (apparently to King) which, on advice of an accountant, was reduced by the amount of the arbitrary sales prices for the machines transferred from Globe to King. The board concluded that there was no consideration for the transfers, making no distinction between the two types of transfers, and that there were, therefore, no sales (which include rentals) within the meaning of G. L. c. 64H, § 1 (12). No specific attention was given to whether the transactions were "sales at retail" as defined in G. L. c. 64H, § 1 (13). The commissioner apparently argues that each transfer of the same machine could be subject to a sales tax.

The fact that the two corporations, parent and subsidiary, were commonly owned and operated does not eliminate sales tax consequences as to property transferred from one to the other. See Annot., 64 A.L.R.2d 769, 770 (1959). The corporate form should not be ignored, and, if there was a transaction that would have been subject to the imposition of a sales tax if the transaction had been between two separately owned corporations, the common ownership of the two corporations is irrelevant.

The board's conclusion was warranted that no consideration was paid to Globe by the cancellation of a portion of a fictitious debt from Globe to King. We have rejected the idea that consideration in the sense it is used in contract law is imported in its entirety into the meaning of consideration in the sales and use tax law. See *Commissioner of Revenue* v. *SCA Disposal Servs. of New England, Inc.*, ante 734 (1981). However, there may have been consideration in other respects.

If the transfers to King were not subject to a sales or use tax, then perhaps the tax obligation arises from Globe's initial purchase of machines ultimately transferred to King. We express no view as to whether Globe may now be subject to the payment of a sales or use tax on a theory other than that on which the sales tax assessment was first based and apparently other than that argued to the board.

The decision of the Appellate Tax Board is vacated and the case is remanded to the board for further consideration in light of this opinion.

*So ordered.*

The case was submitted on briefs.

*Maureen L. Fox,* Assistant Attorney General, for Commissioner of Revenue.

*Louis A. Guidry* for the taxpayer.