[Civ. No. 60903. Second Dist., Div. Four. Jan. 14, 1982.]

MERCEDES-BENZ OF NORTH AMERICA, INC., Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

COUNSEL

Adams, Duque & Hazeltine, Walter Taylor II, Russell E. Hayes, R. Stephan Doan and Burke W. Willsey for Plaintiff and Appellant.

George Deukmejian, Attorney General, Edmond B. Mamer and Jeffrey M. Vesely, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**KINGSLEY, J.**—Plaintiff taxpayer appeals from an adverse judgment in its action to recover taxes. We affirm.

Under the California use tax law, a merchant who imports into the state merchandise for sale would ordinarily pay no tax under that law but would pay a sales tax on the value of the merchandise if and when sold. However, if such a merchant imports merchandise under that theory and thereafter uses it for purposes other than "retention, demon-

stration or display" he is subject to a use tax. Under the applicable statute (subd. (a) of § 6244 of the Rev. & Tax. Code) and the regulation adopted thereunder (Cal. Admin. Code, tit. 18, reg. 1669, subdivision (a)) the tax base is "the price paid by" the merchant.

Plaintiff here does not dispute its obligation to pay a use tax, since it admittedly has used motor vehicles for purposes other than retention, demonstration or display. It here contends that, as to it, the tax base should have been the cost to the manufacturer of the vehicles involved of the raw materials used in the manufacture. We reject that contention.

Taxpayer here is a Delaware corporation, duly authorized to do business, and transacting business, in California. It is a wholly owned subsidiary of a German corporation (herein DBAG); it purchased the vehicles herein involved either from DBAG or from another corporation (herein DBNA), also wholly owned by DBAG. It here attacks the statute and regulation under which the taxes in dispute were paid on the ground that they are unconstitutional, in that: (1) they violate the equal protection clause of the United States Constitution; (2) they violate the commerce clause; (3) they violate the import-export clause, and (4) they violate the due process clause. We hold that none of those contentions have merit.

## I

Some of those contentions are based on the taxpayer's claim that a merchant buying a vehicle from an American manufacturer would have as its tax base the cost of the manufacturer's raw materials. The record does not support that contention. It is clear that a merchant buying from an American manufacturer would have as its tax base the purchase price of the vehicles, just as that base is imposed on this taxpayer.

## II

The major attack on the statutory scheme is that it discriminates between merchants such as this taxpayer and merchants in California who are merely subdivisions of a manufacturer, since in the latter case the California merchant is treated as though it were the manufacturer, entitled to the raw material base.

We note, first, that the taxpayer can take no comfort from the fact that, in assessing income tax, the Franchise Tax Board treats both wholly owned subsidiary corporations and corporate divisions as a unit for the calculation of the overall income to be used in arriving at the portion of that income attributable to California. The two taxes are entirely different, imposed on entirely different bases—income tax on income, use tax on value. The distinction is well recognized. (See, for example, *King* v. *State Bd. of Equalization* (1972) 22 Cal.App.3d 1006, 1010-1011 [99 Cal.Rptr. 802].)

Similarly, the courts have long agreed that there is a significant difference between wholly owned, but separate corporations, and divisions of a single corporation. (See, for example, *Simplicity Pattern Co.* v. *State Bd. of Equalization* (1980) 27 Cal.3d 900, 915 [167 Cal.Rptr. 366, 615 P.2d 555].) As that case, and many other cases have pointed out, a business may elect various forms to accomplish what it regards as valuable advantages. If it elects to conduct that business through the device of separately incorporated, although wholly owned subsidiaries, and thereby obtain the advantages of separate corporate entities, it must also suffer whatever disadvantages attach to that election. No constitutional provision allows a business to secure the advantages of the form it selects and to avoid the disadvantages which accompany, and are the price of, its election.

The statute under which the tax herein involved was assessed is open to no constitutional attack. The tax here collected was validly assessed.

The judgment is affirmed.

Files, P. J., and Weil, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 17, 1982.

---

*Assigned by the Chairperson of the Judicial Council.