This is a tax case and involves the statutory interpretation of our tax laws. We granted certiorari to determine whether the Court of Civil Appeals correctly concluded that two separately incorporated entities may not be one "person" for sales tax purposes under the definition in Code 1975, § 40-23-1 (a)(1), which defines "person or company" as follows:
 "Person or Company. Used interchangeably, includes any individual, firm, copartnership, association, corporation, receiver, trustee or any other group or combination acting as a unit and the plural as well as the singular number, unless the intention to give a more limited meaning is disclosed by the context." (Emphasis added.)
The word "taxpayer" is subsequently defined as "[a]ny person liable for taxes hereunder." Code 1975, § 40-23-1 (a)(1).
The facts of this case are sufficiently set forth in the opinion of the Court of Civil Appeals. State v. Capital CityAsphalt, Inc., 437 So.2d 1288 (Ala.Civ.App. 1983), but succinctly stated they are as follows:
Capital City Asphalt, Inc. (CCA), appealed an assessment of sales tax, on purchases of asphalt mix from its affiliate, Montgomery Asphalt Company, Inc. (MAC), to the Montgomery Circuit Court pursuant to Code 1975, § 40-2-22, and argued that due to the close relationship shared by it and Montgomery Asphalt, the two corporations were "a group or combination acting as a unit" within the meaning of the statute and should be taxed as a single entity. The circuit court found as a matter of fact, and under the statute, that the two corporations were acting as a unit and, therefore, determined that the assessment was invalid, but the state then appealed to the Court of Civil Appeals, and that court reversed the circuit court, holding that two corporations as a matter of law could not be a "person" as defined in Code 1975, § 40-23-1 (a)(1). The court stated that the phrase "any other group or combination acting as a unit" contained in Code 1975, § 40-23-1
(a)(1) is "used to describe and include business affiliations not otherwise specifically described in said section." State v.Capital City Asphalt, Inc., 437 So.2d 1288 (Ala.Civ.App. 1983).
This is a case of first impression, and because of that fact, we have reviewed the decisions reached by courts of other states in interpreting similar tax statutes, and which are cited in the opinion of the Court of Civil Appeals. We have also reviewed a recent decision not cited by that court which reaches the same result as those decisions cited. In CentralCooling Supply Company v. Director of Revenue, 648 S.W.2d 546
(Mo. 1982), the appellant argued that transfers of goods from its wholly owned subsidiary, Johnson Furnace Co., were not subject to sales tax because the two corporations were "acting as a unit" and were thus one "person" under the definition of that term contained in Missouri's tax statute. Johnson FurnaceCo. had been organized for the purpose of procuring supplies at advantageous wholesale prices for its parent, Central Cooling 
Supply Company. "Person" is defined in Mo.Rev.Stat. 1969, § 144.010 (5) as follows:
 "`Person' includes any individual, firm, copartnership, joint adventure, association, corporation, municipal or private, and whether organized for profit or not, state, county, political subdivision, state department, commission, board, bureau or agency, except the state highway department, estate, trust, business trust, receiver or trustee appointed by the state or federal court, syndicate, or any other group or combination acting as a unit, and the plural as well as the singular number." (Emphasis added.)
In holding that the two Missouri corporations could not be one person, under the above definition, the Missouri Supreme Court stated: *Page 1293 
 "Courts in other states have dealt with this specific issue or analogous issues and have decided the sales from the subsidiary to the parent (or vice versa) do constitute sales within the meaning of a sales tax law or similar statute. That two corporations, parent and subsidiary, are commonly owned and operated does not eliminate sales tax consequences as to property transferred from one to another. Annot. 64. A.L.R.2d 769 (1949). The corporate form should not be ignored, and if there is a transaction that would have been subject to the imposition of a sales tax if the transaction had been between two separately owned corporations, the common ownership of the two corporations is irrelevant. Commissioner of Revenue v. Globe Automatic Vending Co., Inc., 421 N.E.2d 1213, 1214 (1981). Ownership of capital stock in one corporation by another does not itself create identity of corporate interest as between the two. . . .
"* * *
 "There is no basis for ignoring this separate corporate existence to permit Central to avoid tax liability and gain an unfair advantage over other separately owned corporations." (Emphasis added.)
648 S.W.2d 546, 548 (Mo. 1982). Accord, Southern States Co-op,Inc. v. Dailey, 280 S.E.2d 821 (W.Va. 1981); Montgomery Ward Co. v. State Department of Revenue, 628 P.2d 85 (Colo. 1981) (en banc); White Motor Corp. v. Kosydar, 50 Ohio St.2d 290,364 N.E.2d 252, (1977).
In a case involving a privilege tax computed on the basis of gross proceeds from wholesale sales of lubricating oil, we held that such sales by Pure Oil Company to Woco-Pep Company, Inc., its wholly owned subsidiary, were subject to the tax. In reaching that decision, this Court noted:
 "It thus appears that the appellant sold to its subsidiary corporation as to other customers. So far as it appears, the Woco-Pep Company did business as a distinct legal entity, and business was transacted between the two companies without regard to ownership of stock.
 "On the principle that deductions and exemptions in tax statutes are not implied, we think these sales must be treated as other sales in figuring `gross sales' of appellant. Presumably, there were compensating advantages in thus setting up a separate corporate entity with which to do business."
(Citations omitted.) (Emphasis added.)
State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843, 863 (1951).
Although these cited cases, with the exception of SouthernStates Co-op, Inc. v. Dailey, involved transactions between parent companies and their wholly owned subsidiaries, for purposes of this analysis, we fail to see any substantial distinction between that type of common ownership and the ownership of two corporations having the same shareholders. Seegenerally Kansas City v. Standard Home Improvement Co., Inc.,512 S.W.2d 915 (Mo.App. 1974) (reimbursements to Standard Home Improvement Co., Inc. of amounts it had paid for supplies and labor on behalf of its affiliate corporation, Universal Home Remodeling Co., which was owned, controlled and managed by the same shareholders, officers, and directors, should be included in Standard's "gross annual business" for computing city occupational license tax).
We agree with the Court of Civil Appeals' construction, which held that the stockholders, officers, and directors of Capital City Asphalt "have reaped the benefits of incorporation [of Montgomery Asphalt] and cannot now disclaim their corporate form to reduce the incidence of taxation." State v. CapitalCity Asphalt, Inc., 437 So.2d 1288 (Ala.Civ.App. 1983).
In reaching its decision, the Court of Civil Appeals correctly applied the applicable rule of statutory construction, the doctrine of ejusdem generis, which is:
 "[W]hen general words follow an enumeration of words of a particular and *Page 1294 
specific meaning, such general words are held to apply only to persons or things of the same kind, as those designated by the particular words. . . . But this is but a rule of construction, by which courts are to ascertain the intention of the Legislature, and when that is apparent, we are bound by it. . . ."
Foster v. Blount, 18 Ala. 687, 688 (1851). See also Goode v.Tyler, 237 Ala. 106, 110, 186 So. 129 (1939) ("where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated [citations omitted] ) 2A C. Sands,Sutherland Statutory Construction § 47.17 et seq. (4th ed. 1974).
Upon consideration of the briefs of the parties, and the opinion of the Court of Civil Appeals, we are of the opinion that the construction given Code 1975, § 40-23-1 (a)(1) by that Court is consistent with the intent of the Alabama Legislature in drafting this statute; that court's judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.