THE CURTIS PUBLISHING COMPANY, a Corporation, Respondent, v. G. H. BATES, DIRECTOR OF REVENUE OF MISSOURI, Appellant, No. 42708—250 S. W. (2d) 521.

Division Two, July 14, 1952.

*J. E. Taylor*, Attorney General, and *Robert R. Welborn*, Assistant Attorney General, for appellant.

288

*Ira H. Lohman* and *Arthur H. Clephane* for respondent; *Philip H. Strubing* of counsel.

WESTHUES, C.—Plaintiff, the Curtis Publishing Company, filed this suit seeking a declaratory judgment to determine its liability for a sales tax sought to be collected by the Director of Revenue under the Missouri Sales Tax Law for the sales of magazines sent to subscribers through the mails. The trial court ruled that the sales of the magazines were exempt from the tax by virtue of Section 144.030, RSMo 1949, VAMS. The Director of Revenue appealed from the judgment.

The portion of Section 144.030, supra, which is the subject of this lawsuit reads as follows:

"Exemptions. 1. There is hereby specifically exempted from the provisions of this chapter and from the computation of the tax levied, assessed or payable under this chapter such retail sales as may be made in commerce between this state and any other state of the United States, or between this state and any foreign country, and any retail sale which the state of Missouri is prohibited from taxing under the constitution or laws of the United States of America, and such retail sales of tangible personal property which the general assembly of the state of Missouri is prohibited from taxing or further taxing by the constitution of this state."

The evidence disclosed the following: Plaintiff, the Curtis Publishing Company, is a Pennsylvania corporation with offices in Philadelphia. The company has no offices or employees in Missouri. The corporation publishes four monthly magazines, *Ladies' Home Journal*, *Holiday*, *Country Gentleman*, *Jack and Jill*, and one weekly, *The Saturday Evening Post*. Subscriptions to these magazines are procured through the Curtis Circulation Company, a Delaware corporation and a subsidiary of the plaintiff company, with offices in Philadelphia, Pennsylvania. This company has many agents in Missouri who solicit subscriptions for the various magazines of the plaintiff company and forward them to Philadelpia. Diverse other methods are employed to obtain subscriptions. A number of department stores solicit subscriptions; crews of agents solicit the residents of various cities of the state about twice a year; many subscriptions are renewed by the subscribers by sending the price of the magazine directly to the plaintiff corporation. The evidence showed that the

plaintiff company has the right to reject, and does in fact reject, applications for subscriptions which do not meet the requirements and rules of the plaintiff company. Distribution of the magazines in Missouri is accomplished substantially in the following manner: The magazines are addressed and then placed in mail bags. They are shipped by freight to St. Louis and Kansas City where the mail bags are delivered to the respective post offices. The post-office department then distributes the magazines to the subscribers.

This court in the case of American Bridge Company v. Smith, 352 Mo. 616, 179 S.W. (2d) 12, 157 A.L.R. 798, had before it for interpretation that portion of Section 144.030, supra, which is involved in this case. The court, after a careful consideration of the question and, as the opinion discloses, after examining the journals of the House and Senate of the Missouri Legislature, determined that sales of the character involved in this case were exempt from the sales tax. The McGoldrick cases much relied upon by the Director of Revenue in this case were considered and referred [523] to in the course of the opinion. The cases are McGoldrick v. Berwind-White Coal Mining Company, 309 U.S. 33, 60 S. Ct. 388, 84 L. Ed. 565, 128 A.L.R. 876; McGoldrick v. Felt & Tarrant Manufacturing Co., and McGoldrick v. A. H. DuGrenier, Inc., 309 U.S. 70, 60 S. Ct. 404, 84 L. Ed. 584.

■ The Director of Revenue in the brief concedes that the ruling in the American Bridge Company case, supra, is adverse to his contention. Note what is said in the brief: ''The Circuit Court felt that the decision of Division No. 1 of this Court, in the case of *American Bridge Company v. Smith,* 352 Mo. 616, 179 S.W.(2d) 12, precluded its holding the respondent liable for sales tax under the circumstances here presented. The Court in the American Bridge Company case held that Section 144.030, quoted above, exempted from Missouri sales tax any transaction made in interstate commerce, regardless of whether or not it was a transaction which Missouri might tax without violating the commerce clause of the Federal Constitution. *Section 8 Article I, Constitution of the United States.* The Court concluded that the Legislature had intended to grant a broader exemption than the Federal constitutional provision necessitated. Appellant submits that the decision of the Court in the American Bridge Company case was erroneous and that the exemption in question should be limited only to sales in interstate commerce which the State of Missouri may not tax by virtue of the commerce clause.''

The American Bridge Company case was decided in February, 1944. Since then the legislative sessions of 1945, 1947, 1949, and 1951 have come and gone and the exemption provision as above-quoted has been left in force. More than that, Section 144.030, supra, was amended by the Legislature in 1945. See Laws 1945, p. 1869. It was again amended in 1949. See Laws 1949, p. 621. If the legislature had

been dissatisfied with the construction placed on the statute by the opinion of this court in the American Bridge Company case, it, no doubt, would have changed the law. Since no change was made, it may be assumed that our interpretation was in harmony with the legislature's intent. Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Company, 350 Mo. 1178, 171 S.W.(2d) 580, l.c. 583 (6), 146 A.L.R. 917. In that case this court said, 171 S.W. (2d) 583: "There is no doubt of the rule that where the Legislature, after a statute has received a settled judicial construction, reenacts or carries the statute forward without change, or reincorporates the exact language theretofore construed, it is to be presumed that it knew of and adopted the judicial construction previously given to the statute. State ex inf. Gentry v. Meeker, 317 Mo. 719, 296 S.W. 411; State ex rel. Scott v. Nolte, 345 Mo. 1103, 138 S.W. (2d) 1016."

The case of McGoldrick v. Berwind-White Coal Mining Company, supra, was decided by the U. S. Supreme Court in January, 1940. The court in that case outlined the extent to which a state had the power to impose a sales tax on shipments in interstate commerce. In the American Bridge Company case, supra, this court held that the commerce clause does not prohibit a sales tax on goods shipped by a seller from another state to a purchaser free on board to his home state, but that such sales were exempt from the tax by Section 144.030, supra. That ruling, if adhered to, precludes the imposition of a sales tax on the sales of magazines here in question. The trial court so held and that ruling must be sustained.

The trial court in addition to the ground above-stated ruled against the defendant Director of Revenue on a number of other theories. Note the findings as made by the trial court:

"The Court doth further find that the State of Missouri is prohibited from taxing such sales under the Constitution of the United States of America, in that the tax sought to be imposed is an unlawful burden on interstate commerce.

"The Court doth further find that the defendant has, by administrative interpretation of the Act, held that receipts from subscriptions for magazines, [524] periodicals and trade journals, which subscriptions are taken within the State of Missouri and sent to a publishing house outside said state, and where the publications thereafter are mailed directly to the subscriber within this state, are not subject to the tax.

"The Court doth further find that the sale and distribution of weekly and monthly magazines in this case is not the sale of tangible personal property for use or consumption in the State of Missouri, but is the dissemination of news and information."

The above questions were briefed but it is unnecessary to consider

them for the reason that the judgment of the trial court must be affirmed on the point discussed supra.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.