**STAR SERVICE & PETROLEUM COMPANY, Appellant,**

v.

**ADMINISTRATIVE HEARING COMMISSION, State of Missouri, and Gerald H. Goldberg, Director of Revenue, State of Missouri, Respondents.**

No. 62430.

Supreme Court of Missouri,
En Banc.

Oct. 13, 1981.

Brian C. Underwood, William A. Richter, Peper, Martin, Jensen, Maichel & Herlage, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

WELBORN, Commissioner.

Petition for review of decision of Administrative Hearing Commission, dismissing complaint before Commission and affirming decision of Department of Revenue denying claim for refund of sales tax paid in error.

According to the "Stipulation of Uncontested Facts," filed before the Administrative Hearing Commission, Star Service & Petroleum Company erroneously computed and paid sales taxes to the Missouri Department of Revenue for the reporting periods from November, 1976, through October, 1977, in at least the amount of $36,212.50. On December 21, 1978, Star applied for a credit or refund of such erroneous payment. The Department of Revenue denied the application for credit or refund on the grounds that the one-year limitation for refund or credit found in Section 144.190, RSMo 1969, had expired prior to the filing of the claim.

Star's complaint for review of the Department's denial of its claim asserted that, in view of the fact that a claimant for refund of an erroneously paid use tax would have, under Section 136.035, RSMo 1969, two years within which to file a claim for refund, the one-year limitation applicable to sales tax claims unreasonably and arbitrarily discriminated against such claimants, in violation of the equal protection clauses of the federal and state constitutions. Star's

complaint prayed for such a finding by the Commission; for a finding that the one-year limitation of Section 144.190 was unconstitutional and void; that the general two-year statute (Section 136.035) applied to sales taxes; and that it was entitled to credit or refund of $36,213.50.

Upon submission of the matter to the Commission, it concluded that, under *City of Joplin v. Industrial Commission of Missouri*, 329 S.W.2d 687, 689 (Mo.banc 1959), the Commission, as an administrative agency, lacked authority to declare Section 144.190 unconstitutional. The Commission dismissed the case, but also affirmed the decision of the Department of Revenue.

Star filed its petition for review in this court, stating, as its sole grounds for relief, the unconstitutionality of Section 144.190 and the consequent application of Section 136.035 to its claim.

(It should be noted that, in 1979, the legislature amended Section 144.190, making it applicable to both sales and use taxes and providing a two-year limitation on claims for refund of either of such taxes. Laws of Mo. 1979, p. 339. This act became effective January 1, 1980, and is thus inapplicable to the controversy.)

The question presented in this case arose by reason of the following legislative action:

What was Section 144.190 as it stood at the inception of this case was originally found in the 1939 sales tax law. Laws of Mo. 1939, p. 855, § 26. Section 136.035 first appeared in 1951. Laws of Mo. 1951, p. 866. In *IBM v. State Tax Comm.*, 362 S.W.2d 635, 639–640[2]—[4] (Mo.1962), the court held that the 1951 enactment did not repeal Section 144.190 by implication and that the latter section remained applicable to claims for refund of erroneously paid sales tax. The use tax law was enacted in 1959. Laws of Mo. 1959, H.B. No. 35. Section 14 of that enactment, which appeared as Section 144.-695, provided for refund of excess use tax payment, but contained no time limitation upon application for refund or credit. The *Director* of Revenue, by regulation (12 CSR 10–4.275), applied Section 144.190 to use tax claims.

Appellant's primary reliance in this case is upon *Southwestern Bell Telephone Company v. Morris*, 345 S.W.2d 62 (Mo.banc 1961), in which the court held invalid exemptions found in the original use tax which had no parallel in the sales tax law. In that case the court pointed out the complementary and supplementary relationship between the sales tax and the use tax and held that the validity of exemptions from the latter tax should be viewed in the light of their effect in " * * * protecting the potential of the tax base as established by the Sales Tax Act * * *." 345 S.W.2d 68[5]. The court stated that the equal protection clause prohibited " * * * exclusions not based on differences reasonably related to the purposes of the act." 345 S.W.2d 66. On that basis, the court invalidated exemptions from the use tax which would have defeated the purpose of the use tax by providing use tax exemptions not found in the sales tax law.

*Southwestern Bell* does not establish the proposition that, in all respects, the sales and use tax laws must operate uniformly. As the court pointed out there, the primary objective of the use tax is protection of the sales tax base by levying a tax which would offset an inclination on the part of purchasers to buy outside the state in order to avoid the sales tax. The exemptions held invalid in *Southwestern Bell* were at war with that purpose.

The differences between the sales and use tax laws, involved in this case, do not go to the basic purpose of the latter as did the differences in *Southwestern Bell*. It would be farfetched to assume that purchasers would be less inclined to deal with Missouri sellers because any claim for refund of sales tax must have been made within one year whereas a claim for refund of use tax might have been made within two years.

■ Although the sales and use taxes are "complementary and supplementary," they are separate taxes, arising out of different incidents. The sales tax is now a tax on gross receipts for the privilege of engaging

in the business, in the state, of selling tangible personal property and certain specified services. § 144.021, RSMo 1978. The use tax is imposed upon the privilege of storing, using or consuming tangible personal property in the state. § 144.610. As noted in *IBM*, the nature of the sales tax is such that refunds made to a seller may well produce a "windfall" to the seller who has collected the tax from the purchaser, affording " * * * good and sufficient reasons for limiting the remedy, particularly the time in which claims for refunds of sales taxes must be made." 362 S.W.2d 641[4].

Basically, the regulation of tax refunds is a legislative matter. The taxes here involved being separate, although complementary, and the distinction not going to the basic purposes of such taxes, the legislature was free to fix different provisions for refund of each of the taxes.

██ The 1979 legislative enactment making the time for refund the same for both sales and use taxes does not evidence a constitutional infirmity in the previous statutes. The legislature may well have concluded that, as a matter of policy, a uniform time limitation with respect to these taxes is preferable.

Judgment affirmed.

PER CURIAM:

The Division Two opinion by WELBORN, C., is adopted as the opinion of the Court en Banc.

DONNELLY, C.J., SEILER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

WELLIVER, J., dissents in separate dissenting opinion filed.

RENDLEN, J., dissents and concurs in separate dissenting opinion of WELLIVER, J.

WELLIVER, Judge, dissenting.

I respectfully dissent.

I believe that the one year statute of limitations on claims for the refund of any erroneously computed sales tax contained in § 144.190.2, RSMo 1969, violates the equal protection clause of the fourteenth amendment of the United States Constitution and the guarantee that "all persons ... are entitled to equal rights and opportunity under the law;" contained in our state constitution, Mo.Const. art. I, § 2.

On July 8, 1939, the General Assembly approved § 26 of S.B. 91, Laws of Mo. 1939, p. 855, 866; see § 11432, RSMo 1939, which repealed the six month statute of limitations for the filing of claims for sales tax refunds contained in § 26 of S.C.S.H.C.S. H.B. 6, Laws of Mo. 1937, p. 552, 563–64, and replaced the six month statute of limitations with a one year statute of limitations on the filing of such claims. Prior to the effective date of S.C.S.H.C.S.H.B. 6, Laws of Mo. 1937, p. 552–69, there was no statutory provision for the refunding of erroneously made sales tax payments. *See* C.S.H.B. 198, Laws of Mo. 1935, p. 411–26. Section 26 of S.B. 91, Laws of Mo. 1939, p. 855, 866 is the source of § 144.190.2, RSMo 1969, which stated:

2. If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person under sections 144.010 to 144.510 [the Sales Tax], and the balance shall be refunded to the person, *but no such credit or refund shall be allowed unless duplicate copies of a claim for refund are filed within one year from date of overpayment.*

(Emphasis added.)

On July 27, 1951, the General Assembly approved an act entitled, "AN ACT to provide for the refunding of overpayments or erroneous payments of any state tax." H.B. 196, Laws of Mo. 1951, p. 866; § 136.035, RSMo Supp. 1957. H.B. 196 is the source of § 136.035, RSMo 1969, which stated in part:

1. The director of revenue from funds appropriated shall refund any overpayment or *erroneous payment of any tax which the state is authorized to collect.* The general assembly shall appropriate

and set aside funds sufficient for the use of the director of revenue to make refunds authorized by this section or by final judgment of court.

. . . . .

3. *No refund shall be made by the director of revenue unless a claim for refund has been filed with him within two years from the date of payment.* Every claim must be in writing under oath and must state the specific grounds upon which the claim is founded.

(Emphasis added.)

In *International Business Machines Corporation v. State Tax Commission,* 362 S.W.2d 635, 639–41 (Mo.1962), this Court held that the two year statute of limitations for the filing of a claim for the refund of "any tax which the state is authorized to collect" now contained in § 136.035.3, RSMo 1969, did not repeal by implication the one year statute of limitations for the filing of a claim for a sales tax refund now contained in § 144.190.2, RSMo 1969. Therefore, under the *IBM* case, a person seeking a use tax refund has two years to file a claim for a tax refund under § 136.035.3, RSMo 1969, while a person seeking a sales tax refund has one year to file a claim for a tax refund under § 144.190.2, RSMo 1969. The *IBM* case did not address the constitutionality of this result.

As I understand the law of equal protection under the fourteenth amendment of the federal constitution, the following questions must be answered to ascertain whether there is a violation of that clause:

(1) Is there governmental action by the state classifying a group of persons who are in the same or similar situation?

(2) If there is a governmental classification, then the question must be asked: Does the classification affect a fundamental or specially protected right or does the classification use a suspect criteria as the basis of the classification?

(3) If question (2) is answered in the negative, the next inquiry is to determine if the end or purpose of the classification is legitimate?

(4) If there is a legitimate or authorized purpose behind the classification, then the question to be asked is whether the means employed to achieve the end or purpose of the classification is reasonably related to that purpose?

This is the minimum rational basis test. *See generally* L. Tribe, American Constitutional Law 991–1136 (1978); Note, Legislative Purpose, Rationality, and Equal Protection, 82 Yale L.J. 123 (1972).

The relationship between the use tax and the sales tax has been variously stated by this Court. In *State ex rel. Transport Manufacturing & Equipment Co. v. Bates,* 359 Mo. 1002, 224 S.W.2d 996 (banc 1949), this Court stated:

A sales tax is one imposed at the time of purchase. A use tax presupposing ownership, is an excise imposed on the enjoyment of property in a contemplated manner. But the sales taxes and use taxes here under consideration are naturally related. In their every characteristic they are designed and enacted to supplement and complement each other. The legislative intention as to this use tax is to so complement the sales tax on motor vehicles that motor vehicles sold in or used in the state attain a parity of taxation for the support of the state government. . . . [citations omitted]. The two taxes are intended to and do bring about the same result. Each are taxes. Each are taxes upon an identical class of personal property. They tax different phases of the privilege of purchasing, owning and using motor vehicles upon the highways of the State. The payment of the sales tax or the payment of the use tax is a condition precedent to the issuance by the state to the owner of a title certificate to the motor vehicle. The payment of the tax in either instance (sales tax or use tax) brings about the same result, the right to be issued a Certificate of Title. As to each class of motor vehicles (those purchased within and those purchased without the state)

the use tax but equalizes the State's burden of raising revenue.

359 Mo. at 1007, 224 S.W.2d 999.

This language suggests an example illustrating how the use tax complements the sales tax. Generally under § 144.070.1, RSMo 1978, as a condition precedent to receiving a certificate of title to a motor vehicle one has to present satisfactory evidence showing the purchase price of the sale of any motor vehicle subject to the sales tax, and that the sales tax due has been paid. If there were no complementing use tax, an incentive would exist for Missouri residents to purchase their motor vehicles outside the state of Missouri (making the sale not subject to Missouri's sales tax) and using their vehicles inside Missouri, in effect circumventing the sales tax. To prevent this result § 144.440.4, RSMo 1978, requires payment of the use tax as a condition precedent to issuance of a certificate of title for motor vehicles "purchased or acquired for use on the highways of this state . . . ." § 144.440.1, RSMo 1978.

In *Southwestern Bell Telephone v. Morris*, 345 S.W.2d 62 (Mo.banc 1961), this Court stated, "It seems universally considered that the use and sales tax laws are complementary and supplementary to each other." 345 S.W.2d at 66. On the basis that the purpose of the use tax was to protect the sales tax base, the Court found that certain exemptions found in the use tax but not found in the sales tax to be unconstitutional stating:

> The exemption of such items from the use tax is not based on differences reasonably related to the purposes of the law, discriminates against similar property purchased locally for the same purposes, and thereby creates an unreasonable, arbitrary and discriminatory classification, in violation of § 3, Art. X of the Constitution, and the equal protection and due process provisions of the Federal and State Constitutions.

345 S.W.2d at 68. *See* Annot., 85 A.L.R.2d 1043 (1962).

In *Management Service, Inc. v. Spradling*, 547 S.W.2d 466, 468 (Mo.banc 1977), it was stated:

[U]se taxes . . . eliminate the incentive to purchase from out-of-state merchants in order to escape local sales taxes thereby keeping in-state merchants competitive with sellers in other states. . . . The primary function of the use tax is to complement, supplement, and protect the sales tax by creating 'equality of taxation of purchases or use of property purchased outside the state which cannot be reached as sales because of the commerce clause of the federal constitution.'

547 S.W.2d at 468, *quoting, Farm and Home Savings Association v. Spradling*, 538 S.W.2d 313, 317 (Mo.banc 1976).

The majority opinion concedes that that "the primary objective of the use tax is protection of the sales tax base by levying a tax which would offset an inclination on the part of purchasers to buy outside the state in order to avoid the sales tax." Maj. op. at 238. By providing a one year statute of limitations on refunds for persons seeking a sales tax refund in § 144.190.2, RSMo 1969, and a two year statute of limitations on refunds for persons seeking a use tax refund in § 136.035.3, RSMo 1969, there exists governmental action on the part of the state classifying persons who are similarly situated. The answer to question (1) above is "yes."

The classification in this case determining whether a taxpayer has a two year or one year limitation on a claim for a tax refund is on the basis of whether the person has paid a use or sales tax. As far as I am aware, this classification is not on the basis of any suspect criteria, *e. g.*, sex or race. This classification also, to my knowledge, does not affect the exercise of a fundamental or specially protected right. *See, e. g., Shapiro v. Thompson*, 394 U.S. 618, 627–38, 89 S.Ct. 1322, 1327–1328, 22 L.Ed.2d 600 (1969). Therefore, the answer to question (2) above is "no."

The next inquiry is to determine whether there is a legitimate purpose in allowing persons seeking a "use tax" refund two years in which to file a refund claim but allowing persons seeking a "sales tax" re-

fund only one year in which to file a refund claim. I am unable to perceive any purpose, much less a legitimate purpose, in treating the use tax payer more favorably than the sales tax payer by providing the use tax payer with a longer statute of limitations for claims for refunds. I am also convinced that if there ever was a purpose in allowing use tax payers a longer statute of limitations for their claims, that purpose has long since been forgotten. On August 6, 1979, the General Assembly approved C.C.S.H.C.S.S.C.S.S.B. 218, 235, 298, 340 and 398, Laws of Mo. 1979, p. 331, 339. This bill amended § 144.190.2 by increasing the statute of limitations period for claims for sales tax refunds from one to two years. Thus, the law as it presently exists provides uniformity of treatment between the person who pays the sales tax and the person who pays the use tax by providing both with a two year statute of limitations for the filing of claims for refunds. *See* § 136.035.3, RSMo 1978; § 144.190.2, RSMo Cum.Supp. 1980.

I would hold § 144.190.2, RSMo 1969, unconstitutional, because it violates the equal protection clause of the fourteenth amendment of the federal constitution and the equal rights clause of Mo.Const. art. I, § 2.