BEMIS COMPANY, INC., d/b/a Louisiana Plastics, Inc., Appellant,

v.

ADMINISTRATIVE HEARING COMMISSION, Respondent.

BEMIS COMPANY, INC., d/b/a Western Litho Plate & Supply Company, Appellant,

v.

ADMINISTRATIVE HEARING COMMISSION, Respondent.

No. 63677.

Supreme Court of Missouri, En Banc.

May 31, 1983.

Rehearing Denied June 30, 1983.

Kathryn A. Woollard, Thompson & Mitchell, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT E. SEILER, Senior Judge.

We have jurisdiction of this review because it involves construction of the revenue laws and is here on a petition for review of a decision of respondent Administrative Hearing Commission on that subject. Mo. Const., art. V, § 3; § 161.337, RSMo 1978.

This case is a companion case to No. 63297, 652 S.W.2d 674, *Mid-America Television Company and Oliver Advertising, Inc. v. State Tax Commission,* decided this date, and involves the same question as to the Missouri income tax deduction allowable under § 143.171, RSMo 1978 for federal income tax liability of a subsidiary or member corporation which participates in filing a consolidated federal income tax return, but which files a separate Missouri income tax return. Appellants have adopted the briefs filed by appellant Cities Service Gas Company in No. 63660, 652 S.W.2d 684, *Cities Service Gas Company v. Administrative Hearing Commission,* one of the companion cases involving the identical legal issue.

The taxpayers involved herein, Louisiana Plastics, Inc. (Louisiana) and Western Litho Plate and Supply Company, Inc. (Western), for the tax years 1974, 1975, and 1976, were members of an affiliated group of corporations of which Bemis Company, Inc. was the parent corporation. In each of these tax years, the affiliated group filed a consolidated income tax return and in each year the two subsidiaries filed separate Missouri income tax returns.

In each year the members of the group, including Louisiana and Western, allocated their respective portion of the federal income tax due from the group by multiplying the actual federal tax paid by the group by a fraction, the numerator of which is the individual member's federal income tax liability computed as if a separate federal return had been filed and the denominator of which is the sum of the federal income tax liabilities which would have been paid by all members of the group had they filed separate returns. In addition thereto, for the purpose of determining earnings and profits for federal income tax purposes and for determining the amounts of credits or charges to be made to each member of the group as inter-company payments, each taxpayer added to the amount found to be its share of the federal income tax liability of the group calculated in the above manner a percentage of the federal income tax savings obtained by virtue of filing a consolidated return; the group chose to add on one hundred percent of the savings in ac-

cordance with Treasury Regulation § 1.1502–33(d)(2)(ii). In addition, each taxpayer was required to pay the parent corporation the difference between its allocable share of the actual tax liability and the amount which would have been paid had the taxpayer filed a separate return, said amount to be distributed by the parent among those members of the group whose losses allowed the group's combined tax to be lowered.

The director, however, declined to permit the deduction (which would have been in the same amount as what the taxpayer's federal income tax would have been had it filed a separate federal return) and instead allowed an amount arrived at by multiplying the actual federal income tax paid by the group by a fraction, the numerator of which is the taxpayer's federal income tax liability computed as if a separate return had been filed and the denominator of which is the sum of the federal income tax liabilities of all members of the group as if each one had filed a separate return.

Final notices of deficiency were issued by the director, together with interest to date of notice, as follows:

| Louisiana | Additional Tax | Interest |
|---|---|---|
| 1975 | $2,244.00 | $325.38 |
| 1976 | 8,197.00 | 696.74 |

| Western | Additional Tax | Interest |
|---|---|---|
| 1974 | $ 1,850.00 | $ 360.75 |
| 1975 | 2,821.00 | 380.00 |
| 1976 | 20,183.00 | 1,513.72 |

The director's decision was appealed to the Administrative Hearing Commission, which affirmed the decision of the director. A petition for review was then filed in this court.

The issues in this case are the same as those in No. 63297, 652 S.W.2d 674, *Mid-America Television Company and Oliver Advertising, Inc. v. State Tax Commission.* What was said in that case applies equally here. The judgment is therefore affirmed and the cause remanded for entry of judgment together with whatever additional interest is determined to be due.

RENDLEN, C.J., HIGGINS, GUNN and DONNELLY, JJ., and DOWD, Special Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.

WELLIVER, Judge, dissenting.

I respectfully dissent for the reasons stated in my dissenting opinion in *Mid-America Television Co. v. State Tax Commission,* 652 S.W.2d 674 (Mo. banc 1983), decided herewith.