**FOSTAIRE HARBOR, INC., a corporation, Appellant,**

v.

**MISSOURI DIRECTOR OF REVENUE and Administrative Hearing Commission of Missouri, Hon. Hugh A. Sprague, Commissioner, Respondent.**

No. 65743.

Supreme Court of Missouri, En Banc.

Nov. 20, 1984.

Rene E. Lusser, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Fostaire Harbor, Inc., seeks reversal of a decision upholding an assessment of sales tax plus interest on fees paid to Fostaire for rides in its helicopter flights over historic sights in St. Louis. Fostaire asserts these fees are not subject to sales tax during the assessment period, under section 144.020(2), RSMo, because the rides were for educational purposes, not "amusement" as covered by the statute. Fostaire argues also that if the assessment was correct, the Commission finding of no neglect or refusal to file a return would preclude assessment of interest. Affirmed.

The Department of Revenue issued its assessment of unpaid sales tax together with interest on December 27, 1979, for the period July 1, 1977, to June 30, 1979. The Administrative Hearing Commission upheld the assessment for the amount representing the statutory period December 28, 1977, to the date of assessment December 27, 1979, and remanded for recalculation accordingly. The decision of the Administrative Hearing Commission "shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record...." § 161.338, RSMo 1978.

Fostaire Harbor, Inc., a Missouri corporation, provides helicopter flights which begin and end at a barge moored in the Mississippi River, have planned courses lasting from 5 to 25 minutes, and provide no unusual movements designed for thrills. The Department of Revenue characterized fees paid for these flights as "for admission and seating accommodations, or fees paid to, or in any place of amusement, entertainment or recreation," and thus subjected them to sales taxes. § 144.020, § 144.010, RSMo 1983 Supp.

I.

Appellant contends the flights in question were not forms of amusement, entertainment, or recreation, because such interpretation was not given to section 144.020(2), RSMo, until enactment of a revised rule of the Code of State Regulations after the tax assessment period. 12 CSR 10–3.176.

The rule revision provided examples of places that would be treated as a place of

amusement. This does not "clearly show a change in interpretation of this tax law" as appellant contends. The revision simply included helicopter flights as examples of places of amusement for purposes of the tax.

Appellant reminds of the rule that all statutes relating to taxation are to be strictly and narrowly construed against the taxing authority and in favor of the taxpayer. *Goldberg v. Administrative Hearing Commission*, 609 S.W.2d 140, 144 (Mo. 1980). The rule is not involved here because the language of section 144.020.1(2) is clear and unambiguous.

This Court has construed the statutes in question as requiring two things to assess sales taxes: First, there must be fees or charges; and second, those fees or charges must be paid in or to a place of amusement, entertainment or recreation. *L & R Distributing, Inc. v. Missouri Department of Revenue*, 529 S.W.2d 375, 378 (Mo.1975). The second requirement is at issue here. Helicopter tours of historic sites can be educational, but they are also entertaining and recreational. These are not mutually exclusive. In *Wien v. Murphy*, 28 A.D.2d 222, 284 N.Y.S.2d 303, 306 (1967), the court said that "if in fact a place or facility provides something edifying or educational in addition to enjoyment, entertainment or amusement, it is no less a place of amusement." The reasoning in *Wien* is persuasive and applicable.

The statute here applies to places of amusement. Helicopter flight tours come under a description of a place of amusement, and fees paid for such a tour are subject to sales tax.

### II.

Appellant contends the Commission's finding that there was no neglect nor refusal to file a sales tax return effectively forbids the penalty of interest from being assessed, and asserts that interest assessments in tax cases are penalties, citing *Seaboard National Bank v. Woesten*, 176 Mo. 49, 75 S.W. 464, 468 (1903), and *State*

*ex rel. St. Louis v. Smith*, 356 Mo. 25, 201 S.W.2d 153, 156 (Mo.1947).

In *Smith* the Court stated, "the expressions 'commissions,' 'interest,' 'fees,' and 'costs' are included in the generic term 'penalty.'" In that context, however, the Court was making it clear that those were not to be included in the term "additional taxes," which might have made them unconstitutionally assessed. The Court did not suggest interest will always be considered a penalty.

The applicable penalty provision for a finding of neglect or refusal to file, is section 144.250, which provides for a 10 percent penalty. *Lora v. Director of Revenue*, 618 S.W.2d 630 (Mo.1981). This penalty was not assessed against Fostaire. The interest assessed is under section 144.170, which does not require, nor refer to, a finding of neglect or refusal, as it is not a penalty provision.

The decision of the Administrative Hearing Commission is thus supported by competent and substantial evidence and is affirmed.

All concur.