**Richard LYNN d/b/a Kansas City Excursion, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 66130.

Supreme Court of Missouri, En Banc.

April 30, 1985.

Robert A. Sundblad, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

This case involves review of a decision of the Administrative Hearing Commission affirming the Director of Revenue's assessments of sales tax deficiencies and penalties against the taxpayer-petitioner for the years 1976 through 1979. This Court has jurisdiction by virtue of Mo. Const. art. V, § 3. The issues are whether: 1) the taxpayer's operations are interstate commerce and, hence, exempt from sales taxes under § 144.030.1, RSMo Cum.Supp.1984; 2) statements of Department of Revenue officials estop the Director of Revenue from assessing sales taxes and penalties against the taxpayer; 3) the taxpayer's good faith actions preclude imposition of penalties; and 4) the statute of limitations applies to tax assessments prior to 1978.

We affirm the decision of the Administrative Hearing Commission affirming the assessments of sales taxes and penalties against the taxpayer.

The taxpayer owns and operates a vessel and barge through which he conducts an excursion-sightseeing business on the Missouri River in the vicinity of Kansas City. For a fare, passengers ride on the river and may dine and dance on the way. Although the vessel traverses into Kansas as the navigational channel requires, regular operations call for passengers to embark and disembark from the same point, which is in Missouri. Admission fees for the excursions are collected in Missouri, and charter contracts are approved at the taxpayer's home office which also is in Missouri.

In 1967, the taxpayer was first contacted by Department of Revenue employees concerning a possible liability for sales taxes on admission fees for excursions. His attorney was ultimately advised that the taxpayer's operation was exempt.

The taxpayer had no further contact with the Department of Revenue regarding sales tax until 1976 when his books were audited and he received a sales tax assessment for the two-year period of April 1, 1974 through March 31, 1976. Again, the taxpayer requested counsel to inquire into his tax liability. A Revenue Department employee in Kansas City then gave an opinion that the state had waived the right to collect taxes but attached the caveat that verification from Jefferson City would be required. The taxpayer took no further action, nor did he appeal the 1974–76 assessment. Neither did he file tax returns or collect sales tax. This inaction was contrary to his counsel's advice to "prepare himself" in order to avoid legal dispute, for it appeared that payment of sales tax would be sought.

In 1980, the taxpayer's business records were again audited and assessment placed for the period from January 1, 1976 through December 31, 1979. Asserting interstate commerce as basis for exemption, the taxpayer made an unavailing appeal of this latter assessment to the Commission. Appeal from the Administrative Hearing Commission's ruling has followed to this Court.

■ The first issue concerns the matter of interstate commerce. Section 144.030.1, RSMo Cum.Supp.1984, specifically provides that sales in interstate commerce are exempt from state sales tax. The taxpayer contends that its operations are part of interstate commerce and, hence, exempt under § 144.030.1. The Director of Revenue argues otherwise.

Coincidentally, in asserting their respective positions, the taxpayer and the Director rely, in certain respects, on *City of St. Louis v. Streckfus,* 505 S.W.2d 70 (Mo. banc 1974), *appeal dismissed,* 419 U.S. 810, 95 S.Ct. 24, 42 L.Ed.2d 37 (1974), a case which outwardly seems to provide the clear answer for this case. It does not.

In *Streckfus,* the operator of the excursion boat Admiral claimed exemption from a City of St. Louis license fee on coin operated amusement devices on the boat, contending its operations involved interstate commerce. The Admiral's operations, similar to those of the vessel in this case, involved non-stop sightseeing tours on the Mississippi River from St. Louis. There was only incidental traversing in another state's waters, and all aspects of the excursions were connected with Missouri.

In *Streckfus,* this Court found the Admiral's operations to be interstate commerce: "The transportation of passengers in this case by boat on a boundary river in a continuous non-stop journey from and to the same point in Missouri during which the boat crosses the boundary line into and traverses the waters of Illinois is interstate commerce." *Id.* at 73–74. The interstate commerce holding of *Streckfus* is founded on *Central Greyhound Lines, Inc. v. Mealey,* 334 U.S. 653, 68 S.Ct. 1260, 92 L.Ed. 1633 (1948), which disallows local interference with interstate commerce by the device euphemistically referred to as "local control."

*Streckfus,* however, does not afford the taxpayer the relief he seeks. The Director of Revenue properly argues that under *Streckfus,* the interstate character of the excursion vessel's operations and tourist activities do not present an insuperable barrier to local regulation nor impose an undue burden upon interstate commerce. In this regard, the local regulations upheld in *Streckfus* are consistent with *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), *reh'g denied,* 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977), which holds that the Commerce Clause does not absolutely forbid local regulation of interstate commerce when there is a substantial nexus with the taxing state.[1]

---

1. In any event, the constitutional issues in *City of St. Louis v. Streckfus,* 505 S.W.2d 70 (Mo. banc 1974), *appeal dismissed,* 419 U.S. 810, 95 S.Ct. 24, 42 L.Ed.2d 37 (1974), do not apply to this case, as no constitutional challenge is raised under the Commerce Clause, U.S. Const. art. I, § 8. The taxpayer's claimed exemption is pure-

Commerce clause aside, there is a substantial basis for affirming the Administrative Hearing Commission. It appears that *Fostaire Harbor, Inc. v. Missouri Director of Revenue,* 679 S.W.2d 272, 273 (Mo. banc 1984) is directly on point with the issues here presented.

In *Fostaire,* a taxpayer challenged the assessment of sales tax on the admission fees he charged for sightseeing tours by helicopter. The helicopter flights which began and ended at a barge moored in the Mississippi River were structured to provide the passengers with a bird's eye view of the historic sights of St. Louis. This Court held that the helicopter flights "come under the description of a place of amusement, and the fees paid for such a tour are subject to sales tax." 679 S.W.2d at 273.

The excursions provided by the taxpayer in this case are within the same category as the helicopter tours involved in *Fostaire.* Passengers do not board the vessel with the expectation that they will be carried to another port by the end of the voyage. The sole objective of boarding the vessel is for personal recreation and diversion. The use of the taxpayer's vessel and barge is not "transportation." Its use is for entertainment purposes, and it therefore falls within the ambit of *Fostaire. But cf., Bob-Lo Excursion Co. v. Michigan, supra,* note 1.

For the purposes of this case, it does not matter whether the taxpayer's services are considered transportation or otherwise interstate commerce. The business of transporting passengers is not what is being taxed. The object of the taxation in this case is the admission fee charged for a place of amusement or recreation. Although admission fees to a place of amusement and items sold therein are retail sales, *City of Springfield v. Director of Reve-*

*nue,* 659 S.W.2d 782, (Mo. banc 1983); *St. Louis Country Club v. Administrative Hearing Commission,* 657 S.W.2d 614 (Mo. banc 1983), the fees charged are not retail sale transactions "made in interstate commerce." *Curtis Publishing Co. v. Bates,* 363 Mo. 287, 250 S.W.2d 521, 523 (1952). Instead, the admission fees are purely *local* transactions.

The obligation to pay for the excursions arise solely in Missouri. On regularly scheduled tours, passengers purchase tickets as they board the taxpayer's vessel while it is moored in Missouri. All contracts and deposits for chartered tours are sent to the home office in Missouri for acceptance. The taxpayer may occasionally collect the final portion of a fare while on the Kansas side of the Missouri river, but the duty to pay for the fare arises before the vessel leaves the Missouri-based dock. It is clear that the admission fees charged by the taxpayer are solely Missouri retail sales, and, therefore, the exemption provided in § 144.030.1, RSMo. Cum. Supp.1984, does not apply.

The taxpayer next argues that the statements of two Department of Revenue employees serve as basis for asserting the doctrine of estoppel against back taxes and penalties. The first such statement allegedly was made in 1967, advising that the taxpayer's operations were exempt from sales tax. The second occurred following the 1976 audit and assessment and purportedly advised the taxpayer that the state had waived its right to collect back sales taxes. Although this latter statement was to be followed by a clarification, none was forthcoming.

The doctrine of equitable estoppel is rarely applied in cases involving a governmental entity, and then only to avoid manifest injustice. *Bartlett & Co. Grain v.*

ly statutory by virtue of § 144.030.1, RSMo Cum.Supp.1984.

Seemingly, *Bob-Lo Excursion Co. v. Michigan,* 333 U.S. 28, 68 S.Ct. 358, 92 L.Ed. 455 (1948), referred to in *Streckfus,* would have some pertinence to this case. In *Bob-Lo,* a round trip by a boat on the Detroit River was found to constitute transportation and foreign commerce, ex-

empt from local taxation. But unlike this case, the trip in *Bob-Lo* involved a scheduled stop at an amusement park located on an island on the Canadian side of the river. Consequently, the object of the vessel's use in *Bob-Lo* was to provide transportation, vis-a-vis entertainment, which is the purpose in this instance.

*Director of Revenue*, 649 S.W.2d 220, 224 (Mo.1983). Under the facts presented by the taxpayer, no manifest injustice has been demonstrated.

■ The incidence of taxation is determined by law, and the Director of Revenue and subordinates have no power to vary the force of the statutes. *St. Louis Country Club v. Administrative Hearing Commission*, 657 S.W.2d at 616. Moreover, statements made by a Revenue employee in 1967 cannot bind future directors of the Department nor limit the state's right to collect taxes properly owing. *Id.*

■ Later statements made by another Revenue employee sometime after the 1976 audit and assessment do not serve as absolution from the taxpayer's tax liability. That employee indicated an anticipated change of administration and that his position with the Department was uncertain. He also advised that his statement concerning a possible waiver needed clarification from Jefferson City—something which was never forthcoming. His counsel also specifically advised the taxpayer that the state was "going to start holding him responsible for the tax, and that he probably was going to have to be faced with that." The taxpayer therefore was placed on notice of his possible tax liability. Under these circumstances, estoppel is inappropriate.

■ The taxpayer argues that there should be no § 144.250.1, RSMo 1978 [2] penalties for his failure or neglect to file tax returns. For this argument he relies on *Lora v. Director of Revenue*, 618 S.W.2d 630 (Mo.1981), a case in which a taxpayer was relieved of paying penalties after good faith reliance on long standing Revenue Department interpretations, recently changed. But *Lora* is distinguishable. The taxpayer here was audited in 1976 and received assessments for April 1, 1974 through March 31, 1976. He was then on notice of his tax liability but took no action despite advice of counsel that he "should

prepare himself." The assessment in issue covers a period commencing January 1, 1976. Because the taxpayer had received the earlier notice of assessment plus advice of counsel of possible tax collection action, it is not good faith to now claim unawareness.

The taxpayer is liable for penalties assessed.

Closely related to the above analysis is the taxpayer's final point that the Department of Revenue's assessment is invalid because of the expiration of the two year statute of limitations.

The Sales Tax Act provides its own statute of limitations. Section 144.220, RSMo 1978,[3] states in pertinent part:

Except in the case of a fraudulent return, or neglect or refusal to make a return, every notice of additional amount proposed to be assessed hereunder shall be mailed to the person within two years after the return was filed or was required to be filed.

The assessment made by the Department of Revenue for unpaid sales taxes for the period January 1, 1976 through December 31, 1979 was not forwarded to the petitioner until September 1980. Relying upon § 144.220, the taxpayer contends that he is not liable for taxes assessed prior to September 1978.

■ As noted previously, the taxpayer in this case failed to take any action after the 1976 assessment. When a taxpayer neglects or refuses to file returns, as occurred here, the statute of limitations is tolled, and the Director of Revenue may assess sales tax beyond the two year limitation. *Lora v. Director of Revenue*, 618 S.W.2d at 634.

The decision of the Administrative Hearing Commission is supported by competent and substantial evidence and is affirmed.

---

**2.** Now § 144.250.1, RSMo Cum.Supp.1984.

**3.** Now § 144.220, RSMo Cum.Supp.1984. This section now provides for a three year limitation period.

RENDLEN, C.J., and HIGGINS, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

GUNN, J., concurs in separate opinion filed.

WELLIVER, J., dissents in separate opinion filed.

GUNN, Judge, concurring.

The dissent filed in this case suggests that the majority holds something other than what was intended. Therefore, this particularly unusual device of a concurring opinion is utilized to clear any murk.

First, the dissent asserts that the only basis for tolling the two year statute of limitations proclaimed in § 144.220, RSMo 1978 [1] is for a fraudulent tax return; and as there is no evidence of fraud, the majority is in error in not applying the limitation.

But the majority opinion never professes that the taxpayer was guilty of fraud. Section 144.220, RSMo 1974, as referred to in the majority specifically provides an exception to the two year statute of limitations in instances of "neglect or refusal to make a [tax] return." As stated in the majority, it was the taxpayer's neglect and refusal to make his return that provided the necessary fulcrum to lift the statute of limitations for assessment of the back taxes in this case. Fraud has nothing to do with the majority opinion's lifting of the limitations provisions of § 144.220, RSMo 1974.

Second, the dissent asserts that the taxpayer is a victim of "bureaucratic bungling," and that he should not be required to pay sales tax because his counsel failed to specifically advise him of his legal obligation to do so. But as described by the dissent, the taxpayer is an experienced "businessman with several business interests and who pays sales taxes on all of his ... businesses." And the taxpayer was warned by his counsel that "he should prepare himself for it [the collection of taxes] unless he wanted a court battle." That statement should have been sufficient toc-

sin to forewarn a seasoned entrepreneur of the obligation to pay tax, or appeal, when faced with assessments on two separate occasions. His attorney's presage could only have reiterated the existing and potential tax liability.

WELLIVER, Judge, dissenting.

I respectfully dissent.

Appellant is not a recalcitrant crank intent on avoiding a tax clearly owed, but rather a victim of the Department of Revenue's inability to make a definitive ruling as to whether his river boat excursions were subject to or exempt from the Missouri state sales tax. He is a businessman with several business intersts and pays sales taxes on all of his other businesses. The Department initially informed appellant's attorney in 1967 that the business was exempt. Nine years later the Department had a change of heart without benefit of change of law and conducted an audit and assessed appellant for taxes allegedly owed on receipts for a period from April 1, 1974 through March 31, 1976. Appellant's attorney, a highly respected lawyer, a former state Senator, and now serving as a distinguished Circuit Judge in Jackson County, the Honorable Jack E. Gant, again contacted an official of the Department of Revenue who, when reminded of the prior action of the Department, expressed the view that the State had waived its right to the tax by its earlier ruling, but attached the caveat that verification from Jefferson City would be required.

The principal opinion stresses the fact that appellant "took no further action, nor did he appeal the 1974–76 assessment." Far more significant I would suggest is the absence of evidence in the record that the Department ever made any further attempt to collect the allegedly assessed 1974–76 tax. The principal opinion continues: "Neither did he file tax returns or collect sales tax. This inaction was contrary to his counsel's advice to prepare himself in order to avoid legal dispute, for it appeared that

---

1. Now § 144.220, RSMo Cum.Supp.1984.

payment of sales tax would be sought." Fairly stated, Jack Gant told his client to prepare himself for the Department's continued efforts in trying to collect a tax, but there is not one line of testimony that attorney Gant ever suggested to appellant that he was legally obligated to collect or pay sales tax.

It was not until four years later that the Department again without benefit of change of law audited appellant's books and assessed tax for the period of January 1, 1976 through December 31, 1979.

The Sales Tax Act provides its own Statute of Limitations, Section 144.220, RSMo 1978.[1] It is a plain simple two year statute of limitations, except in cases of fraud. The record before us is totally devoid of evidence of fraud of any kind.

Neither the principal opinion's reliance on Jack Gant's suggestion that his client "should prepare himself" nor its conclusion that "because the taxpayer had received the earlier notice of assessment plus advice of counsel of possible tax collection action, it is not now good faith (for the taxpayer) to claim unawareness," is proof of any type of fraud on the part of the appellant. The state has no claims to either tax or penalty for the years of 1976 and 1977 nor to a penalty for the years of 1978 and 1979.

This case is but another example of the Department's imposition of tax by re-interpretation of existing tax laws.[2] It is a classic example of bureaucratic bungling of the worst kind. *Lora v. Director of Revenue,* 618 S.W.2d 630 (1981), is not distinguishable from this case but rather mandates the aforementioned result.

On these facts, I also would reverse the case as to all taxes and penalties for 1976–

79 and would deal with 1980 and following when and if required to do so. We can substantially improve the business climate of our state and the confidence of our taxpayers by leaving the imposition of taxes to the legislature.

1. Now § 144.220, RSMo Cum.Supp.1984.

2. *See King v. Mound City Industries, Inc.,* 665 S.W.2d 935 (Mo. banc 1984); *City of Springfield v. Director of Revenue,* 659 S.W.2d 782 (Mo. banc 1983); *Mid-American Television Co. v. State Tax Comm'n,* 652 S.W.2d 674 (Mo. banc 1983); *Cities Service Gas Co. v. Administrative Hearing Comm'n,* 652 S.W.2d 684 (Mo. banc 1983); *Bemis Company, Inc., v. Administrative Hearing Comm'n,* 652 S.W.2d 685 (Mo. banc 1983); *Wells Aluminum, Inc., v. Administrative Hearing Comm'n,* 652 S.W.2d 687 (Mo. banc 1983); *Banquet Foods Corp. v. Administrative Hearing Comm'n,* 652 S.W.2d 689 (Mo. banc 1983); *Langley v. Administrative Hearing Comm'n,* 649 S.W.2d 216 (Mo. banc 1983); *King v. Laclede Gas Co.,* 648 S.W.2d 113 (Mo. banc 1983); *Central Cooling & Supply Co. v. Director of Revenue,* 648 S.W.2d 546 (Mo.1982); *Star Service & Petroleum Co. v. Administrative Hearing Comm'n,* 623 S.W.2d 237 (Mo. banc 1981).