

# SUPREME COURT OF MISSOURI
## en banc

MUMTAZ LALANI,                          )
                                        )
                    Appellant,          )
                                        )
vs.                                     )        No. SC94097
                                        )
DIRECTOR OF REVENUE,                    )
                                        )
                    Respondent.         )

Petition for Review of a Decision of the Administrative Hearing Commission
The Honorable Mary E. Nelson, Commissioner

### Opinion issued December 9, 2014

Mumatz Lalani petitioned for review of an Administrative Hearing Commission (AHC) decision determining that he was liable for the 10-percent tax imposed on the "first sale of tobacco products, other than cigarettes, within this state …" Section 149.160.[1] This Court has jurisdiction pursuant to article V, section 3, of the Missouri Constitution. The AHC decision is affirmed.

## I. Facts

Lalani bought tobacco products from a Missouri wholesaler. Lalani did not sell the tobacco products at retail to consumers. Instead, Lalani sold the tobacco products to Missouri retailers. Lalani did not report his sale of tobacco products on his tax returns.

---

[1] All statutory citations are to RSMo 2000.

The director audited the wholesaler from whom Lalani purchased the tobacco products. The director noticed that the wholesaler had reported tax-exempt sales to Lalani while Lalani reported no taxable purchases or sales during that same period. The director determined that Lalani was responsible for the first sale of the tobacco products within the state because he purchased tobacco products from a wholesaler and then resold the products to Missouri retailers. The director sent Lalani notice of a tax lien in the amount of $42,863.19 for back taxes, penalties, and interest. Lalani sought administrative review of the director's decision from the AHC. The AHC agreed with the director's decision.

## II. Standard of Review

The AHC decision will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence based on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the legislature. Section 621.193. The AHC's interpretation of revenue statutes is subject to de novo review. *Aquila Foreign Qualifications Corp. v. Dir. of Revenue*, 362 S.W.3d 1, 3 (Mo. banc 2012).

## III. Analysis

### 1. Lalani made the "first sale" and is subject to the 10-percent tax

Missouri law imposes a tax on "the first sale of tobacco products, other than cigarettes, within the state . . . at the rate of 10-percent of the manufacturer's invoice price before discounts and deals, [which] shall be paid by the person making the first sale within the state." Section 149.160.1. The "first sale within the state" is defined as "the

first sale of a tobacco product by a manufacturer, wholesaler or other person to a person who intends to sell such tobacco products at retail or to a person at retail within the state of Missouri." Section 149.011(5).

The plain language of section 149.011(5) provides that the "first sale" occurs when a tobacco product is sold by a "manufacturer, wholesaler, or other person" to a person who intends to sell the products at retail in Missouri. Even though there may be multiple manufacturers, wholesalers, and other persons in the chain of commerce, only one of them makes the "first sale" to a retailer. In this case, Lalani made the first sale to a retailer because he purchased the tobacco products from a wholesaler and then re-sold the products to Missouri retailers. Consequently, the AHC determined correctly that Lalani is responsible for the paying the 10-percent tax imposed by section 149.160.

**2. Sections 149.011 and 149.160 are not unconstitutionally vague**

Lalani claims that sections 149.160.1 and 149.011 are unconstitutionally vague as applied to him because imposing the "first sale" tax on anyone other than manufacturer or wholesaler renders it impossible to calculate the tax because only the manufacturer or wholesaler knows the invoice price on which the tax is based. Lalani does not claim that the imposition of the 10-percent tax is vague or that any provision of section 149.160 prohibits him ascertaining the invoice price. Consequently, Lalani's alleged lack of knowledge of the invoice price is a due diligence and accounting issue rather than a constitutional infirmity with the statute. Lalani's vagueness argument is without merit.

3

**3. The director is not estopped from collecting the tax from Lalani**

Lalani's final point is that the director should be estopped from collecting the tax. Lalani asserts that one of the director's employees informed him that no tax was owed on the first sale of tobacco products within the state if those products were purchased from a Missouri wholesaler.

Lalani relies on the following facsimile from one of the director's employees:

> If you purchase form [sic] a licensed wholesaler you don't need a license. If you purchase from a [sic] unlicensed wholesaler, you will need a license. Since you now have a license, you will need to file the monthly reports that I sent with the license. This way we can make sure the tobacco tax has been paid on the tobacco product. If you have any other questions please contact me . . . .

The facsimile does not support Lalani's estoppel argument. First, the facsimile does not state that Lalani will not have to pay the 10-percent tax. On the contrary, the facsimile confirms that Lalani was a "licensed wholesaler" who must file "monthly reports" so the department of revenue "can make sure the tobacco tax has been paid."

Second, even if the facsimile was ambiguous regarding Lalani's tax liability, the "doctrine of equitable estoppel is rarely applied in cases involving a governmental entity, and then only to avoid manifest injustice." *Lynn v. Dir. of Revenue*, 689 S.W.2d 45, 49 (Mo. banc 1985). Further, because taxation is determined by statute, the "Director of Revenue and subordinates have no power to vary the force of the statutes." *Id.* Sections 149.160 and 149.011 indicate clearly that an individual, like Lalani, who makes the first sale of tobacco products to a Missouri retailer is subject to the 10-percent tax. Even if

4

the director's facsimile communication with Lalani was ambiguous or misleading, that communication cannot alter Lalani's statutorily mandated tax obligations.

The AHC determined correctly that the director's assessment of tax, interest, penalties, and costs was proper. The decision of the AHC is affirmed.

_____
RICHARD B. TEITELMAN, JUDGE

All concur.