STATE of Missouri, Respondent,

v.

Mina ELLIOTT, Appellant.

No. SC 88218.

Supreme Court of Missouri,
En Banc.

June 12, 2007.

James G. Trimble, North Kansas City, MO, for Appellant.

Dawn M. Schaag, Karen L. Krauser, Office of the Clay County Prosecuting Attorney, Liberty, MO, Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, MO, for Respondent.

PER CURIAM.[1]

### Overview

Mina Elliott filed federal income tax returns for 1991 through 1995 but did not

---

1. The Court of Appeals, Western District, transferred this case to this Court because this Court has jurisdiction of appeals involv-

file state income tax returns for those years. Notified of the federal filings, the state sought payment of state income tax Elliott allegedly owed. Pursuant to section 143.611 [2] notices were sent by certified mail to Elliott's address as indicated on the federal returns. All such notices were returned undelivered. The state filed suit to collect the claimed tax. Elliott asserted that in light of the returned notices, she was denied due process. The trial court entered judgment for the state. Under the facts of this case, Elliott received adequate notice. The judgment is affirmed.

## Statutory provisions

If the taxpayer fails to file an income tax return, the director of revenue shall estimate the taxpayer's taxable income and the tax thereon from any available information and notify the taxpayer of the amount proposed to be assessed as in the case of a deficiency. The notice required shall be mailed by certified or registered mail to the taxpayer at his last known address. *Section 143.611.*

In addition to the notice as to the amount assessed, the taxpayer is to receive notice of the right to appeal the director's decision to the administrative hearing commission. *Section 621.050.* In this case, the appeal was to be filed within 30 days after the notice of the deficiency issued under section 143.611 is placed in the mail. *Id.*

If no appeal is filed, 60 days after the date the notice is filed the notice of deficiency becomes a final assessment of the amount of tax specified. *Section 143.621.*

ing the validity of a statute. *Mo. Const. article V, sections 3 and 11.*

**2.** All statutory references are to RSMo 2000.

## Elliott's due process claim

Elliott contends that her due process rights were violated because the director's notice of deficiency was returned unclaimed and she did not receive the required statutory notices. She concedes that the director complied with the applicable statutory provisions. Nevertheless, she contends that those provisions are not adequate because the failure to actually notify her denied her any way to challenge the legality of the assessments.

## Discussion

 Due process requires the government to provide the owner notice and the opportunity for hearing appropriate to the nature of the case. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Due process does not require that a property owner receive actual notice before the government may take his or her property. *Dusenbery v. United States,* 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). Due process does require notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane,* 339 U.S. at 314, 70 S.Ct. 652. The notice required will vary with the circumstances and conditions. *Walker v. City of Hutchinson,* 352 U.S. 112, 115, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

 In this case, the statutory notice was sent to the last known address of Elliott—1521 NE Parvin Rd. Apt 207 Kansas City MO 64116–2358. There was no evidence that the address was incorrect.[3]

**3.** *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), and *Conseco Finance Servicing Corp. v. Missouri Dept. of Revenue,* 195 S.W.3d 410 (2006), are distinguishable in that those cases involve notice

The address was taken from Elliott's federal tax returns. The summons for this lawsuit was addressed to Elliott at the same address, and the return of service indicates she was personally served at that address.[4] The evidence does not show that the director's notice was not delivered to nor received by Elliott—only that it was unclaimed.

All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. *Rule 73.01(c)*. Under these circumstances and conditions, the trial court properly found that the notice was sufficient.[5]

### Conclusion

The judgment is affirmed.

All concur.

sent to an address where the person affected was not present.

4. Likewise, the notice of appeal contains the same NE Parvin address for Elliott.

5. Moreover, the statutes may support the state's assertion that Elliott has a post-deprivation remedy available under section 143.801 that also satisfies the requirements of due process.