

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| NEW GARDEN RESTAURANT, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC94897 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION FOR REVIEW OF A DECISION OF THE
### ADMINISTRATIVE HEARING COMMISSION
The Honorable Karen A. Winn, Commissioner

*Opinion issued October 13, 2015*

New Garden Restaurant, Inc. petitions for review of the Administrative Hearing Commission's summary decision dismissing New Garden's appeal of the Director of Revenue's tax assessments against New Garden. The Commission held it had no authority to hear New Garden's appeal because the appeal was not filed within the time limitation for doing so. New Garden argues the Commission's interpretation of §§ 621.050.1 and 144.261[1] is unfair to taxpayers and violates the due process clauses of the Missouri and United States constitutions.[2] New Garden also argues the Commission erred in: (1) holding equitable estoppel did not apply in this case; (2) assuming New Garden received notice of

---

[1] Statutory citations are to RSMo 2000.

[2] Article I, section 10 of the Missouri Constitution parallels the Fourteenth Amendment of the United States Constitution, providing "[t]hat no person shall be deprived of life, liberty or property without due process of law." This Court treats the state and federal due process clauses as providing the same protection. *Jamison v. State, Dep't of Soc. Servs., Div. of Family Servs.*, 218 S.W.3d 399, 405 n.7 (Mo. banc 2007).

the final assessments; and (3) finding the appeal was filed late.  This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution.  The Commission's summary decision dismissing New Garden's appeal is affirmed.

**Factual and Procedural History**

In July 2014, New Garden received "estimated audit assessments" from the Department of Revenue, notifying New Garden it owed $43,737.82 in unpaid sales tax and that final assessment notices would be delivered via certified mail after the audit was reviewed and processed.  The record reflects that, on September 5, 2014, the Department sent 34 final assessment notices by certified mail to New Garden's address, each of which stated:

> This assessment is the Final Decision of the Director of Revenue.  If you are adversely affected by this decision, you may appeal to the Administrative Hearing Commission.  To appeal, you must file a petition with the Commission within sixty (60) days after the date this decision was mailed or the date it was delivered, whichever date was earlier. .   .   . **Send appeals to the Administrative Hearing Commission, Box 1557, Jefferson City, MO 65102-1557.**

The notices also explained that another option was to "request the director of revenue to conduct an informal review of the assessment" but that such request did not extend or affect the 60-day limitation for filing an appeal with the Commission.  As such, the deadline to file an appeal with the Commission was November 4, 2014.

New Garden claims it never received these final assessment notices.  On October 9, New Garden's counsel emailed an auditor at the Department, indicating an intent to dispute the estimated assessments.  The email also expressed concern over a possible approaching deadline to do so—though counsel was unable to determine when this deadline would be—

and requested an extension. In response, the auditor provided counsel the "Missouri Taxpayer Bill of Rights," which contained the same pertinent information as the final assessment notices with regard to appeals, informal reviews, and the time limitations. New Garden claims that, the following day, its counsel had a telephone conversation with another Department agent in which the agent told counsel the 60-day period for appeal did not run if New Garden had not received the notices, but that New Garden could still request an informal review from the Department in the meantime.

New Garden claims it then requested such informal review on October 24 and that, after not hearing back, its counsel called the Department on November 12 and was told New Garden's filing was missing and to "quickly file with [the Commission]." New Garden further claims its counsel was then given the wrong fax number for the Commission, which caused additional delay. New Garden's appeal was finally filed with the Commission on November 19, over two weeks past the deadline. The Director of Revenue then filed a motion to dismiss New Garden's appeal as untimely. Because this motion contained matters outside the pleadings, the Commission treated it as a motion for summary decision, pursuant to 1 CSR 15-3.436(4)(A). The Commission granted the motion, and New Garden subsequently petitioned this Court for review.

## Standard of Review

Summary decision "is proper if a party establishes facts that entitle any party to a favorable decision and no party genuinely disputes such facts." *Krispy Kreme Doughnut Corp. v. Dir. of Revenue*, 358 S.W.3d 48, 51 (Mo. banc 2011) (internal quotations omitted). "A claimant wishing to succeed on a summary decision motion, therefore, must establish

3

that there is no genuine dispute as to those material facts upon which the claimant would have had the burden of persuasion at a hearing." *Id.* (Internal quotations omitted).

This Court will uphold the Commission's decision when it is "authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." *801 Skinker Blvd. Corp. v. Dir. of Revenue*, 395 S.W.3d 1, 3–4 (Mo. banc 2013) (internal quotations omitted); *see also* § 621.193. "This Court reviews the commission's interpretation of the applicable statutes *de novo*." *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 443–44 (Mo. banc 2012). "The Commission's findings of fact will be upheld if the findings are supported by substantial evidence on the whole record." *801 Skinker*, 395 S.W.3d at 4.

### Analysis

Section 621.050.1 provides the right to appeal "any finding, order, decision, assessment or additional assessment made by the director of revenue," and requires the director to give notice of this right of appeal. Section 621.050.1 also provides a time limitation for appealing: "within thirty days after the decision of the director is placed in the United States mail or within thirty days after the decision is delivered, whichever is earlier." However, § 144.261 modifies this time limitation, providing that "notwithstanding the provisions of section 621.050 to the contrary, such [appeal to the Commission of a tax assessment] must be filed within *sixty days after the mailing or delivery of such decision*, whichever is earlier." (Emphasis added).

4

## Sections 621.050.1 and 144.261 Do Not Violate Due Process

New Garden's position is that it missed the deadline to file an appeal with the Commission because it never received the final assessment notices and, therefore, had no notice of the right of appeal and the corresponding deadline. New Garden argues the Commission's interpretation of §§ 621.050.1 and 144.261 is unfair to taxpayers and violates the due process clauses of the Missouri and United States Constitutions. It contends that, because § 621.050.1 requires the director to provide notice of the right of appeal, the legislature intended to make the taxpayer's actual knowledge of the right of appeal a "pre-condition to the imposition of the 60-day filing deadline," *i.e.*, the time limitation should not begin to run until the taxpayer receives actual notice of the final assessments with the accompanied information on right of appeal. This argument is without merit.

First, the Commission's application of the law involved no statutory interpretation. Sections 621.050.1 and 144.261 unambiguously provide that the respective time limitations begin to run either after mailing *or* delivery of the director's decision, whichever is earlier. Neither section contains any provision that the taxpayer must actually receive the decision— or have actual knowledge of the right of appeal—for the time limitation to run. There is no issue of interpretation; the Commission simply applied the statutes' plain, unambiguous terms in calculating the deadline. *See Ins. Co. of State of Pa. v. Dir. of Revenue and Dir. of Ins.*, 269 S.W.3d 32, 34 n.5 (Mo. banc 2008) ("There is no need to resort to statutory interpretation to determine a statute's applicability when the statute is unambiguous.").

Second, the fact that the sections provide for the time limitations to start without the taxpayer actually receiving notice of the director's decision does not raise a due process

5

concern. Due process does not require actual notice before the government takes action. *State v. Elliott*, 225 S.W.3d 423, 424 (Mo. banc 2007) (citing *Dusenberry v. United States*, 534 U.S. 161, 170 (2002)).[3] However, "[d]ue process does require notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The notice required will vary with the circumstances and conditions." *Id.* (citing *Walker v. City of Hutchinson*, 352 U.S. 112, 115 (1956)).

Because due process does not require actual notice, there is no constitutional prohibition with §§ 621.050.1 and 144.261 starting the time limitations without requiring the taxpayer to receive actual notice. The issue is whether notice sent pursuant to these sections was reasonably calculated to give notice and an opportunity to respond in this particular case. In *Elliott*, the director sent notices of tax assessments by certified mail to the taxpayer's last known address, pursuant to § 143.611's requirements.[4] *Id.* The notices were returned to the Director as unclaimed, and the taxpayer, like New Garden, claimed a

---

[3] Due process does not require actual notice before the government may take a person's property. *Schlereth v. Hardy*, 280 S.W.3d 47, 52 (Mo. banc 2009) (citing *Jones v. Flowers*, 547 U.S. 220, 226 (2006)). After *Elliott*, this Court recognized that when certified mail is returned unclaimed, an alternative method of notice such as regular mail must be attempted. *Schlereth*, 280 S.W. 3d at 50–52 (citing *Jones,* 547 U.S. at 225). Although the certified mail was returned unclaimed in *Elliott*— and no alternative method was then attempted—*Elliott*'s holding was not undermined by *Schlereth*. Rather, *Schlereth* distinguished *Elliott* in recognizing the *Jones* requirement of attempting an alternative method of notice after certified mail is returned unclaimed, noting that in the context of sending notice of tax assessments, "[t]he state has an interest in the economical and expeditious determination of tax liability that justifies the notice in *Elliott*." *Schlereth*, 280 S.W.3d at 51 n.3. Of course, the *Jones* requirement is not relevant here as the certified mail was not returned unclaimed.

[4] Section 143.611.3 provides that tax assessment notices "shall be mailed by certified or registered mail to the taxpayer at his last known address."

6

due process violation because she never received the notices. *Id.* This Court, however, held the method of notice was sufficient for due process purposes because there was "no evidence that the address was incorrect." *Id.* Here, the final assessment notices were sent via certified mail to New Garden's last known address, the notices were not returned, there is no evidence that the notices were sent to the wrong address, and the final assessment notices were addressed the same as the estimated assessments that New Garden admittedly received less than two months prior. Therefore, as in *Elliott*, there was no due process violation.

### Equitable Estoppel Does Not Apply

New Garden argues the deadline should have been extended due to the Department's actions in that: (1) a Department agent told New Garden's counsel, incorrectly, that the 60-day period to appeal did not begin to run until New Garden received the final assessment notices; (2) the Department lost New Garden's October 24 filing; and (3) a Department agent gave New Garden's counsel the wrong fax number for the Commission. That is, New Garden argues the doctrine of equitable estoppel excuses its late filing.

Generally, equitable estoppel, "should not be deployed in a manner that countermands the clear intent and language of the legislature . . . ." *Boland v. Saint Luke's Health Sys., Inc.*, SC93906, slip op. at 16 (Mo. banc Aug. 18, 2015). "The doctrine of equitable estoppel is rarely applied in cases involving a governmental entity, and then only to avoid manifest injustice." *Lynn v. Dir. of Revenue*, 689 S.W.2d 45, 48 (Mo. banc 1985). "Fundamental to an estoppel claim against the government is that in addition to satisfying elements of ordinary estoppel, governmental conduct complained of must amount to

7

affirmative misconduct." *Farmers' and Laborers' Co-op Ins. Ass'n v. Dir. of Revenue*, 742 S.W.2d 141, 143 (Mo. banc 1987). A government agent's mere mistaken advice, based on an incorrect understanding of the law, does not amount to affirmative misconduct justifying equitable estoppel. *See Lynn*, 689 S.W.2d at 49 (holding estoppel was inappropriate where Department of Revenue employee mistakenly told taxpayer his operations were exempt from sales tax because "[t]he incidence of taxation is determined by law, and the Director of Revenue and subordinates have no power to vary the force of the statutes"); *Lalani v. Dir. of Revenue*, 452 S.W.3d 147, 149 (Mo. banc 2014) (rejecting estoppel argument when Department of Revenue employee gave advice to taxpayer because, even if advice was "ambiguous or misleading, that communication cannot alter [the taxpayer's] statutorily mandated tax obligations").

Even if a Department agent erroneously told New Garden's counsel that the 60-day period for appeal did not start until New Garden received the final assessment notices, this would simply be a case of bad advice based on a government agent's misunderstanding of the law, which does not amount to affirmative misconduct. But New Garden's argument is undermined by the undisputed evidence that, in response to New Garden's email inquiry on October 9, the Department provided New Garden with the "Missouri Taxpayer Bill of Rights," which correctly stated the law regarding the right of appeal and time limitations. Moreover, as the right of appeal and its time limitations were stated clearly and

8

unambiguously in the statute, knowledge of such is imputed to New Garden, making estoppel inappropriate.[5] *See Farmers' and Laborers' Co-op*, 742 S.W.2d at 143.

## The Commission Did Not Err in Its Findings

New Garden argues the Commission "based its entire decision" on the assumption that New Garden received the final assessment notices, and that this finding was not supported by the evidence. However, nowhere in its findings of fact does the Commission find that New Garden received the notices. Nor was any such finding necessary to its decision. Rather, the Commission found the notices were mailed to New Garden's address of record on September 5, which was sufficient to support its decision under § 144.261.

New Garden also argues the Commission erred in finding New Garden filed its appeal on November 19 because it filed an "appeal"[6] with the Department on October 24. The Commission's relevant finding stated: "On November 19, 2014, New Garden's

---

[5] New Garden's additional arguments do not justify applying equitable estoppel. It is immaterial whether the Department lost the filing New Garden claims it faxed on October 24. New Garden claims this filing was a request for informal review, though the purported document refers to itself as an appeal. Regardless of whether this filing was a request for informal review or a misplaced appeal, it could not extend the deadline for filing an appeal with the Commission. Even if the Department had the filing, it had no duty to forward the filing to the Commission. Any failure to do so would not be affirmative misconduct and, thus, not a basis for equitable estoppel. *See UAW-CIO Local No. 31 Credit Union v. Royal Ins. Co., Ltd.*, 594 S.W.2d 276, 283 (Mo. banc 1980) ("[I]t is equally clear that mere innocent silence or inaction will not work an estoppel . . . but that there must be a right and opportunity to speak, and in addition, an obligation or duty to do so.") (internal citations omitted).

Further, it is of no consequence to the resolution of this case whether a Department agent gave New Garden's counsel the wrong fax number for the Commission. New Garden claims this action occurred on November 12, which was already over a week past the deadline to file an appeal with the Commission. Whether this action was inadvertent or intentional, New Garden was already out of time to appeal and any further delay caused no additional harm—meaning there was no resulting "manifest injustice." Accordingly, New Garden has raised no basis for equitable estoppel, and the Commission did not err in rejecting this argument.

[6] New Garden's characterization of this October 24 filing changes, depending on its argument. As discussed above, New Garden also claims the same filing was intended to be a request for informal review from the Department.

9

complaint was filed with this Commission. The November 19, 2014 filing includes a complaint dated October 24, 2014, addressed to "Sales Tax Processing" within the Department, and several exhibits." Whatever filing New Garden may have sent on October 24, it indisputably was not an appeal *to the Commission*, as it was addressed to, and intended for, the Department. An appeal—distinguishable from a request for informal review—could only be sent to the Commission. Section 144.261. New Garden does not dispute the Commission did not receive a filing until November 19. The Commission did not err in finding the appeal was filed on November 19, rather than October 24.

## Conclusion

"Failure to comply with statutory time for appeal in an administrative proceeding results in a lapse of jurisdiction and loss of right of appeal." *Cmty. Fed. Sav. & Loan Ass'n v. Dir. of Revenue*, 752 S.W.2d 794, 799 (Mo. banc 1988). The Commission's application of §§ 621.050.1 and 144.261 did not violate New Garden's right to due process. Further, the Commission did not err in holding equitable estoppel did not apply, nor did it err in its challenged findings. The Commission's decision to dismiss New Garden's appeal is affirmed.

_____

Zel M. Fischer, Judge

All concur.

10