**HALE FIREWORKS, Appellant,**

v.

**DIRECTOR OF REVENUE,**
Respondent.

**WD 80178**

Missouri Court of Appeals,
Western District.

OPINION FILED: MAY 16, 2017

Ivan L Schraeder, St. Louis, MO, Counsel for Appellant.

Emily Ann Dodge, Jefferson City, MO, Counsel for Respondent.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor Howard, Judge, Cynthia L. Martin, Judge

Anthony Rex Gabbert, Judge

## Introduction

Hale Fireworks, LLC ("Hale") appeals the Administrative Hearing Commission's ("Commission") grant of summary judgment in favor of the Director of Revenue ("Director") which dismissed Hale's appeal of the Director's final decision finding Hale responsible for a balance of $156,353.28 in taxes owed for past unreported income. Hale presents two points on appeal. First, Hale argues that the Commission erred in granting summary judgment in favor of the Director based on the untimeliness of Hale's appeal because Missouri Supreme Court Rule 4-4.2 requires parties to communicate through counsel when parties are represented and Hale was in fact represented at the time that he was personally served with the Director's final decision. Second, Hale argues that the Commission erred in granting summary judgment in favor of the Director based on the untimeliness of Hale's appeal under Section 621.050.1 [1] because the Commission failed

---

1. All statutory references are to Revised Statutes of Missouri (RSMo) as supplemented until January 1, 2017.

to apply the equitable tolling doctrine. We find no error.

## Factual and Procedural History

In June of 2016, the Missouri Department of Revenue-Taxation Division made a Final Decision finding that "Hale Fireworks, LLC did not remit withholding tax for unreported income of a family member, fireworks tent operators, the manager of a convenience store and various greenhouse employees. Also tax on commissions have not been reported." This Final Decision was mailed to Hale on June 24, 2016. Within its decision, the Department of Revenue alerted that, "[i]f you are adversely affected by this decision, you may appeal to the Administrative Hearing Commission ... [t]o appeal, you must file a petition with the Administrative Hearing Commission within 30 days after the date this decision is mailed or the date it was delivered, whichever date was earlier." The Final Decision was signed by "Dwayne Maples Administrator." Hale concedes that the Final Decision was received via certified mail. A copy of the decision was not mailed to Hale's attorney of record.

On September 6, 2016, Hale's counsel of record filed an appeal of the Director's Final Decision. On September 20, 2016, the Director filed a motion to dismiss the appeal as untimely. Hale filed a response on September 29, 2016. On October 20, 2016, the Commission granted summary judgment for the Director pursuant to 1 CSR 15-3.446(6)(A).[2] This appeal follows.

## Point I

First, Hale contends that the Commission erred in granting summary judgment for the Director based on Hale's untimely filing of its appeal because Section 621.050.1 and Section 143.641 conflict with Missouri Supreme Court Rule 4-4.2 requiring parties to communicate through counsel when represented, and, Hale was represented by counsel. Further, because Hale was represented by counsel at the time of service of the Director's Final Decision, Hale asserts that this court is required to exercise its authority under Article V, Section 5 to reverse and remand the matter to the Commission for a hearing.

## Standard of Review

A reviewing court "will uphold the Commission's decision when it is authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." *New Garden Restaurant, Inc. v. Director of Revenue*, 471 S.W.3d 314, 317 (Mo. banc 2015) (internal citation omitted). "This [c]ourt reviews the Commission's interpretation of the applicable statutes de novo." *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 443–44 (Mo. banc 2012). "The Commission's findings of fact will be upheld if the findings are supported by substantial evidence on the whole record." *801 Skinker Blvd. Corp. v. Director of Revenue*, 395 S.W.3d 1, 4 (Mo. banc 2013).

Hale concedes that it received notice of the Director's Final Decision via certified mail, but claims that service should have been processed on its counsel of record pursuant to Missouri Supreme Court Rule 4-4.2. Rule 4-4.2 states: "[i]n representing a client, a lawyer shall not communicate about the subject of representation with a person the lawyer knows to be represented by another lawyer in the matter...." Here, the Director's Final

---

**2.** All references to "CSR" are to the Missouri Code of State Regulations, as current with amendments included in the Missouri Register as updated, unless otherwise noted.

Decision was not signed by a licensed attorney, but by a lay person ("Dwayne Maples Administrator"). Because Rule 4-4.2 applies exclusively to communication between attorneys, and neither the Administrator nor Hale is an attorney, the act of mailing the Final Decision to Hale Fireworks instead of its counsel of record did not violate Rule 4-4.2. Further, Section 143.641 only requires that notice of the Director's determination "be mailed to the taxpayer by certified or registered mail...." There is no statute requiring that the Final Decision be mailed to the taxpayer's counsel of record.

 "The right to appeal is purely statutory ... [and] where a statute does not give a right to appeal, no right exists." *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996). Section 621.050.1 permits a taxpayer to appeal the Director's Final Decision if the taxpayer files "a petition with the administrative hearing commission within thirty days after the decision of the director is placed in the United States mail or within thirty days after the decision is delivered, whichever is earlier." Hale was made aware of this thirty day window of opportunity to appeal as it was written in plain language within the copy of the Director's Final Decision mailed to and received by Hale. There is no statute permitting an appeal outside of the thirty-day window, and therefore, Hale was not permitted to file an appeal after July 24, 2016. *See Springfield Park Central Hosp. v. Director of Revenue*, 643 S.W.2d 599 (Mo. 1983) (holding that failure to comply with statutory time for appeal in an administrative proceeding results in lack of jurisdiction and right to appeal).

The record on appeal clearly shows that Hale's counsel did not file an appeal with the Commission until September 6, 2016. This was well beyond the thirty-day statutory limit that commenced on June 24, 2016, when the Final Decision was mailed to Hale. Because the record on appeal supports the Commission's dismissal of Hale's appeal as untimely, we find it was authorized by law and therefore affirm. Point one is denied.

## Point II

 In its second point, Hale argues that the Commission erred in granting summary judgment in favor of the Director based on the timeliness of filing under Section 621.050.1 because the Commission failed to apply the equitable tolling doctrine established under Missouri law and therefore, this court is required to exercise its authority to reverse and remand the matter to the Commission for a hearing.

### Standard of Review

 In reviewing the grant of summary judgment, appellate courts review *de novo*. *Allen v. Midwest Institute of Body Work and Somatic Therapy*, 197 S.W.3d 615, 618 (Mo. App. 2006). "Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law." *Id.* at 619. "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* (internal quotation marks and citation omitted).

 "The doctrine of equitable estoppel is rarely applied in cases involving a governmental entity, and then only to avoid manifest injustice." *Prescott v. Missouri Dept. of Social Servs*, 464 S.W.3d 560, 573 (Mo. App. 2015) (internal quotation marks and citation omitted). Equitable estoppel is not justified unless the governmental conduct complained of amounts to affirmative misconduct. *Id.* Equitable toll-

ing may be available where a plaintiff has "in some extraordinary way been prevented from asserting his rights." *Id.*

 The act of notifying a taxpayer of his or her right to appeal a decision by the Director of Revenue in compliance with Section 143.641 does not qualify as an extraordinary circumstance which would justify permitting Hale an equitable exemption from filing his appeal by the statutory deadline. Essentially, Hale argues that Section 143.641 should be construed to require notice be sent to a taxpayer's counsel in order to be effective. This argument, however, cannot succeed because "[w]here the language of the statute is clear and unambiguous, there is no room for statutory construction." *Jones v. Director of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). We find that equitable tolling principles do not apply because the DOR followed the statutorily mandated procedure in providing notice to a taxpayer and therefore cannot be deemed to have committed affirmative misconduct. The record on appeal clearly demonstrates that: (1) Hale received proper notice of the Final Decision and failed to appeal within the statutory time limit, and (2) Hale was not prevented by extraordinary circumstances from asserting the right to appeal. Therefore, we find that the trial court properly granted summary judgment in favor of the director and did not err in not applying the equitable tolling doctrine. Point two is denied.

### Conclusion

We conclude, therefore, that because Hale failed to timely appeal the Director's Final Decision, the Commission's dismissal of Hale's appeal was authorized by statute. Additionally, because the record on appeal shows no evidence that Hale was prevented by extraordinary circumstances from filing a timely appeal, the trial court did not err by not applying the equitable tolling doctrine and thus properly granted summary judgment in favor of the Director of Revenue. We affirm.

All concur.