**HAWKS BLUFF TRUCKING,**
Appellant,

v.

**DIVISION OF EMPLOYMENT
SECURITY, Respondent.**

**WD 80487**

Missouri Court of Appeals,
Western District.

OPINION FILED: SEPTEMBER
5, 2017

Clinton B. Roberts, Farmington, MO, Counsel for Appellant.

Bart A. Matanic, Jefferson City, MO, Counsel for Respondent.

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Anthony Rex Gabbert, Judge, Karen King Mitchell, Judge

Anthony Rex Gabbert, Judge

Hawks Bluff Trucking, Inc. (Hawks Bluff) appeals the determination of the Labor and Industrial Relations Commission (Commission) that Hawks Bluff demonstrated no good cause for failing to timely file its appeal of a decision of the Division of Employment Security Appeals Tribunal (Appeals Tribunal). Hawks Bluff raises three points. First, Hawks Bluff contends that the Commission erred in upholding the decision of the Appeals Tribunal because the Appeals Tribunal refer-

ee made no conclusion of law as to when the determination letter was mailed, which was an issue before the referee because Hawks Bluff introduced evidence to rebut the prima facie presumption of Section 288.245, RSMo 2000. Second, Hawks Bluff contends that the Commission erred in upholding the decision of the Appeals Tribunal because the determination letter does not comply with Section 288.130.4, RSMo 2000, because as a matter of law it is not calculated to give notice of the deputy's determination and a right to an appeal and was not promptly mailed by the deputy making the determination. Third, Hawks Bluff contends that the Commission erred in upholding the decision of the Appeals Tribunal because the finding of law by the referee, that Hawks Bluff's president's failure to read the determination letter delivered to her business was not reasonable and not done in good faith, is not supported by any facts and is a material misstatement of the law. We affirm.

Elizabeth Sayre has been the president of Hawks Bluff Trucking since 2007. Sayre is Hawks Bluff's only officer, manager, and board of director member. The business has at least ten workers. The business's address is 10346 Murphy Road, Box 268, Tiff, Missouri 63674. Sayre worked in Chicago during the week and Sayre's employee, Michelle McGlothilin, handled office matters in Tiff while Sayre worked in Chicago. The two communicated via telephone during the week and Sayre generally came back to Tiff on the weekends. Typically, McGlothilin picked up business mail at the Tiff post office, which was open from 10:15 a.m. until 12:00 p.m. every day. Sayre had friends who would pick up the mail if McGlothilin was unable. Sayre had additional businesses she ran from Tiff besides Hawks Bluff Trucking, and substantially all of the mail that came to the Tiff post office was for her.

In 2014 the Division of Employment Security (DES) commenced an investigation into the working relationship of individuals Sayre did not consider to be employees of Hawks Bluff Trucking to determine if the wages of those individuals were reportable and taxable pursuant to Missouri's Employment Security Law. Sayre began communicating with DES in July of 2014 regarding this matter. DES's auditor, Maryetta Eaton, testified that when the investigation was complete in February 2015, Eaton informed Sayre via email of the results of the investigation and Sayre called her the following day. Eaton informed Sayre that an official determination would arrive in a few weeks from Jefferson City in the form of a computerized letter and that Sayre would have the right to appeal that determination.

The DES issued the determination letter dated March 4, 2015. Sayre testified that, at some point McGlothilin opened the envelope containing the determination letter from the DES but Sayre does not know when it was opened or when it was read. McGlothilin did not testify. Sayre testified that McGlothilin did not notify Sayre of mail that was received at Tiff during the week but separated out what she considered to be important mail and put the other mail in a junk mail pile; McGlothilin did not read mail considered unimportant.[1] When Sayre was in Tiff on weekends she handled Hawks Bluff's business matters, attending to accounting matters first and mail last.

Sayre testified that she did not know exactly when she personally realized that Hawks Bluff had received the determination letter but thought it was sometime around April 12, 2015, as she knew when

---

1. McGlothilin was aware of DES's investigation prior to March 4, 2015.

she sent it to her attorney. Hawks Bluff's appeal was filed on April 23, 2015. The Appeals Tribunal dismissed Hawks Bluff's appeal as untimely filed pursuant to Section 288.130.4. Hawks Bluff requested reconsideration. The Appeals Tribunal granted reconsideration and set the matter for hearing as to timeliness and the merits.

After reconsideration, the Appeals Tribunal determined that the appeal was untimely and that good cause did not exist to extend the filing deadline. The Tribunal found that the determination was mailed on March 4, 2015. The Tribunal concluded that Sayre was in regular contact with the DES auditor prior to March 4, 2015, and that Sayre's clerical worker, McGlothilin, was also aware of the investigation. The Appeals Tribunal found that Eaton had informed Sayre of the preliminary determination and the timeline for a final written determination, as well as appeal rights. Ultimately, the Tribunal concluded that Sayre could have read her mail and discovered the written determination and that "[f]ailing to read correspondence delivered to her business was not reasonable under the circumstances, and demonstrates an absence of good faith." Having found no good cause for the untimeliness of Hawks Bluff's appeal, the Tribunal did not address the merits of the appeal.

Hawks Bluff filed an Application for Review to the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal. This appeal follows.

■ Our review[2] of the Commission's decision is governed by Section 288.210, RSMo 2000, which provides, in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

"When, as here, the Commission adopts the decision of the Appeals Tribunal, we consider the Tribunal's decision to be the Commission's for purposes of our review." *Ashford v. Div. of Employment Sec.*, 355 S.W.3d 538, 541 (Mo. App. 2011).

■ In its first point on appeal Hawks Bluff contends that the Commission erred in upholding the decision of the Appeals Tribunal because the referee made no conclusion of law as to when the determination letter was mailed, which was an issue before the referee because Hawks Bluff introduced evidence to rebut the prima facie presumption of Section 288.245, RSMo 2000. This claim is not preserved.

■ The Appeals Tribunal referee found in its Order that "[t]he records of the Division, which were reviewed by the Appeals Tribunal, show that the deputy's

**2.** Hawks Bluff's brief fails to identify the applicable standard of review as required by Rule 84.04(e) which warrants dismissal of the appeal for briefing deficiencies. *Hill v. Director of Revenue*, 424 S.W.3d 495, 498 n.3 (Mo. App. 2014). However, as we prefer to decide an appeal on the merits and the briefing deficiencies do not impede our ability to decide the legal issues presented, or require us to become an advocate for a party, we decline to exercise our discretion and dismiss the appeal on this ground. *Id.*

determination was mailed to the appellant on March 4, 2015, and that the appeal was filed on April 23, 2015." After the referee dismissed Hawks Bluff's appeal for untimeliness, Hawks Bluff appealed the referee's Order. In its "Written Request for Reconsideration or to Set Aside Order of Dismissal" Hawks Bluff claimed that the referee's decision was in error for two reasons: 1) The determination had been sent to "To Whom It May Concern" rather than Elizabeth Sayre by name, thereby failing to provide adequate notice of the determination, and; 2) The decision did not address Hawks Bluff's "good cause" for failing to timely appeal the determination which was that Sayre worked out of town extensively and that Hawks Bluff's staff did not make Sayre aware of the determination letter or appeal deadlines. Hawks Bluff made no claim that the referee had failed to make "as a conclusion of law" a finding as to when the determination was mailed. Consequently, Hawks Bluff has failed to preserve this claim for appeal. "An issue appropriate for, but not addressed with the Commission, cannot be litigated on appeal." *St. John's Mercy Health System v. Division of Employment Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009). Point one is denied.[3]

 In its second point on appeal Hawks Bluff contends that the Commission erred in upholding the decision of the referee because the determination letter does not comply with Section 288.130.4,

RSMo 2000, because as a matter of law it is not calculated to give notice of the deputy's determination and a right to an appeal.[4] Hawks Bluff argues that the letter was not calculated to give notice because, 1) the determination letter was sent to PO Box 268, Tiff, Missouri and not 10346 Murphy Road, Box 268, Tiff, Missouri, 2) because the letter was addressed to "Dear Madam or Sir" and not to "President" or "Elizabeth Sayre," and 3) because the content of the letter is not prominent enough to show that it is a letter of importance.

We note that, although this claim appears to argue a due process violation, Hawks Bluff concedes that it received the determination letter and makes no contention that it did not receive the letter in time to file its appeal. Hawks Bluff's sole argument is that the letter was, nevertheless, not "calculated" to give notice because deficiencies with the letter caused Hawks Bluff to file its appeal out of time.

With regard to Hawks Bluff's allegation that the determination letter was not calculated to give notice because it was addressed solely to a post office box, the Appeals Tribunal made findings of fact that the determination "was mailed to one of the appellant's correct mailing addresses, a post office box, on March 4, 2015" and that "[t]he appellant received mail at that address during March of 2015." These findings were adopted by the Commission. Hawks Bluff makes no claim that these findings were not supported by competent

---

3. We note *ex gratia* that Hawks Bluff's claims that there were no conclusions of law as to when the determination was mailed are, nevertheless, unfounded. After reviewing Hawks Bluff's request for reconsideration the Decision of the Appeals Tribunal found in its "CONCLUSIONS OF LAW," that "[t]he determination at issue was mailed to one of the appellant's mailing addresses on March 4, 2015." This conclusion was adopted by the Commission.

4. Although Hawks Bluff also states in its point on appeal that the determination "was not promptly mailed by the deputy making the determination," Hawks Bluff does not address this allegation in the body of its argument. "We deem points not developed in the argument section to be abandoned" and, consequently, do not address this claim. *Mortg. Elec. Regis. Sys., Inc. v. Williams-Pelton*, 196 S.W.3d 50, 52 (Mo. App. 2005).

and substantial evidence. The factual findings of the Commission are conclusive. § 288.210. As the determination letter was sent to Hawks Bluff's correct mailing address and was received by Hawks Bluff at that address, Hawks Bluff fails to prove that the address on the letter was not calculated to provide notice.

With regard to the salutation on the determination letter being "Dear Madam or Sir," the Commission concluded that "the absence of the desired salutation on the determination . . . does not relieve the recipient of the obligation of reading the correspondence." We agree. The determination letter is clearly from the DES. Sayre testified that when she first read the letter she did not focus on the salutation but knew it was from the DES and "just took it all in at the same time" as she looked at it. Sayre's testimony refutes Hawks Bluff's contention on appeal that the salutation of the letter somehow impeded Hawks Bluff's receipt of notice.

Hawks Bluff further contends that the content of the determination letter is not prominent enough to show that it is a letter of importance, and because of the overall deficiencies with the address, salutation, and the letter in general, Hawks Bluff's secretary failed to recognize that the letter was urgent which, in turn, delayed Sayre's receipt of the letter.

 Sayre admitted that she had been in contact with the DES since July of 2014 and, that, since the beginning of 2015 expected to receive some kind of correspondence from the DES regarding a determination as to its audit of her company. The Commission concluded that Sayre had been in regular contact with the DES auditor prior to March 4, 2015, and that Sayre's clerical worker, McGlothilin, was also aware of the investigation. Sayre and her staff were clearly on notice that any communication from the DES to Hawks Bluff was potentially important. There is no dispute that the determination letter was clearly and obviously from the DES. There is no dispute that the determination letter was sent to and actually received at an address at which Hawks Bluff received mail. "Due process does not require actual notice before the government takes action. However, due process does require notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *New Garden Restaurant, Inc. v. Director of Revenue*, 471 S.W.3d 314, 318 (Mo. banc 2015) (internal quotation marks and citations excluded). Here, Hawks Bluff received actual notice of the pendency of the action and was afforded an opportunity to present objections. *See Id.* at 318-319. Hawks Bluff fails to prove that its failure to timely present objections was because of notice deficiencies and not internal oversight. Point two is denied.

 In its third point on appeal Hawks Bluff contends that the Commission erred in upholding the decision of the referee because the finding by the referee, that Hawks Bluff's president's failure to read the determination letter delivered to her business was not reasonable and done in good faith, is not supported by any facts and is a material misstatement of the law. We disagree.

 The crux of Hawks Bluff's argument is that Sayre was very busy and did not have time to look through all of her mail, particularly mail that Sayre's secretary had put in a "junk mail" pile. Hawks Bluff finds it incredible that Sayre could be faulted for not reading "junk mail."

The legislature intended to leave the initial determination as to the existence of good cause with the administrative agency. Good cause depends upon the

evaluation of many subtle factors, and therefore is subject to judicial review only for abuse of discretion. When contemplating good cause, we are bound by the Commission's determination, absent an abuse of discretion, even though we might have reached a different decision had we considered the matter initially. *Westbrook v. Division of Employment Security*, 456 S.W.3d 116, 119 (Mo. App. 2015) (internal quotation marks and citations omitted). To prove "good cause" for failing to timely file its appeal, Hawks Bluff was required to show that it acted in good faith and reasonably under all the circumstances. *Id.*

Hawks Bluff failed to convince the Commission that the cause for Hawks Bluff's delay in responding to the determination letter was due to anything other than Hawks Bluff's internal mail-handling policies. The Commission concluded that "[t]he failure of the appellant, or the appellant's designated mail-handler, to read correspondence mailed to the appellant demonstrates a lack of good faith and is unreasonable under the circumstances." Hawks Bluff's internal mail-handling policies placed the "junk mail" designation on the DES determination letter; there is no dispute that the determination letter was not actually "junk." "Claimant's late filing due to oversight is not evidence that he acted reasonably 'under all the circumstances' ... and does not constitute good cause." *Byers v. Human Resource Staffing, LLC*, 402 S.W.3d 605, 609 (Mo. App. 2013). There is no abuse of discretion as the Commission's decision was supported by the facts and the law as applied to those facts. Point three is denied.

We conclude that Hawks Bluff failed to preserve for review its claim that the Commission failed to make a legal conclusion as to when the DES determination letter was mailed and find no error in the Commis-

sion's conclusions that Hawks Bluff had no good cause for filing an untimely appeal after receiving notice of the DES determination. We affirm the Commission's Decision.

All concur.